**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Desmond Charles LAWRENCE,
Defendant–Appellant.**

**No. 00–4278.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 26, 2001.

Decided April 27, 2001.

---

**ARGUED:** Allen Bethea Burnside, Assistant Federal Public Defender, Columbia, SC, for Defendant–Appellant. John Michael Barton, Assistant United States Attorney, Columbia, SC, for Plaintiff–Appellee. **ON BRIEF:** J. Rene Josey, United States Attorney, Columbia, SC, for Plaintiff–Appellee.

Before WILKINSON, Chief Judge, WIDENER, Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Vacated and remanded for sentencing by published opinion. Chief Judge WILKINSON wrote the opinion, in which Judge WIDENER and Judge JACKSON joined.

## OPINION

WILKINSON, Chief Judge:

In this case, we must decide whether Rule 43 of the Federal Rules of Criminal Procedure requires a defendant to be physically present at the imposition of sentence, or whether the rule permits a defendant to appear via video teleconference. On March 22, 2000 the district court sentenced Desmond Lawrence to 360 months in prison for two counts of bank robbery. Lawrence appeared in the Columbia, South Carolina courtroom through a video feed from his prison in Florence, Colorado. Because "presence" in Rule 43 means physical presence, we must vacate Lawrence's sentence and remand the case to the district court for further proceedings consistent with this opinion.

### I.

On December 30, 1996 Desmond Lawrence pleaded guilty to bank larceny. *See* 18 U.S.C. § 2113(b)(1994). He admitted to robbing $1,591 from the Carolina First Bank. The evidence against Lawrence on this count was overwhelming. After he grabbed the money from an open teller drawer, Lawrence in his haste left some papers at the bank. These papers included his handwritten demand note and an envelope with his name on it. On January 6, 1997, a jury convicted Lawrence of attempting to rob another bank, First Union. *See* 18 U.S.C. § 2113(a). Both the Carolina First robbery and the First Union attempted robbery occurred within one hour of each other.

At sentencing, the district court upwardly departed from a range of 77 to 96 months to a range of .360 months to life because of Lawrence's past criminal history. *See* U.S.S.G. § 4A1.3. Because the statutory maximum on the two counts was a combined thirty years, the district court sentenced Lawrence to 360 months. At this sentencing hearing, Lawrence was unruly and abusive. Lawrence cursed at the hearing, sarcastically challenged the district court to sentence him to death, and repeatedly boasted of his intention to con-

tinue breaking the law. Lawrence, who is six feet, eight inches tall, and weighs about three hundred pounds, had to be restrained in some of his court appearances by a 50,000 volt stun belt.

This court subsequently vacated and remanded Lawrence's sentence because the district court did not adequately explain its reasons for the upward departure. *See United States v. Lawrence*, 161 F.3d 250, 255–56 (4th Cir.1998). Soon after, the district court entered an order that the defendant's resentencing take place by video conference. The district court was concerned about Lawrence's behavior. In addition to his outbursts at trial and at sentencing, the district court noted that Lawrence had behaved violently while in custody prior to his 1997 trial. He was charged and pleaded guilty to the September 16, 1996 assault of federal prison officials in Atlanta, Georgia. Furthermore; he pleaded guilty to attempting to escape from federal prison in Atlanta. The district court also pointed out that Lawrence allegedly raped a female prisoner at the Lexington County, South Carolina jail, although the government did not pursue criminal action against Lawrence for this. Lawrence is currently incarcerated at the federal super-maximum security prison in Florence, Colorado. At the time of his resentencing, the Bureau of Prisons considered Lawrence "a danger for transport" and a "very dangerous individual due to his past behavior."

Lawrence filed an interlocutory appeal from the district court's video order, arguing that Rule 43 and the United States Constitution mandate his physical presence at sentencing. This court dismissed the interlocutory appeal because it was not ripe. *See United States v. Lawrence*, 201 F.3d 536, 537 (4th Cir.2000). Lawrence then asked the district court to reconsider its order mandating a sentencing hearing via video teleconference in light of the fact that the United States Marshal's Service had recently transported Lawrence without incident to Atlanta, Georgia for a civil hearing. The district court denied this request, and held its resentencing hearing on March 22, 2000.

At the sentencing hearing, Lawrence was physically located at the Florence, Colorado prison. One of his attorneys was with Lawrence in Colorado, and another was present in the courtroom in Columbia, South Carolina. The judge, prosecutor, and all other court personnel were located in the Columbia courtroom. Eleven video monitors were placed in the courtroom. Lawrence could confer privately with his attorneys at any time. No technical problem occurred during the video sentencing. Lawrence and his attorneys strenuously objected to the video conferencing, arguing that interacting with a person on television is completely different from live interaction. The trial court overruled this objection. The district court also resentenced Lawrence to the statutory maximum of 360 months, upwardly departing under a de facto career offender analysis of Sentencing Guideline § 4A1.3 and § 4B1.1 and further upwardly departing under § 4A1.3 due to the likelihood that Lawrence would commit more crimes. Lawrence now appeals both the video sentencing procedure as well as the upward departures.

II.

Lawrence first argues that both the United States Constitution and Rule 43 of the Federal Rules of Criminal Procedure require a defendant's physical presence at sentencing hearings. We conclude that the plain text of Rule 43 mandates that a defendant be physically present at sentencing except when the rule specifically provides otherwise. Because Lawrence was not physically present at his sentenc-

ing hearing, and because his absence does not meet any of Rule 43's exceptions, his sentence must be vacated.[1]

## A.

Rule 43 requires a defendant to "be present" at every stage of the trial, including "at the imposition of sentence." Fed. R.Crim.P. 43(a). The Rule states in pertinent part:

(a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict, and the imposition of sentence, will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial, or having pleaded guilty or nolo contendere,

> (1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial),
>
> (2) in a noncapital case, is voluntarily absent at the imposition of sentence, or
>
> (3) after being warned by the court that disruptive conduct will cause the removal of the defendant from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom.

Fed.R.Crim.P. 43.

The United States argues that the presence requirement of Rule 43 does not impose an absolute condition of a defendant's physical presence at sentencing in each and every case. Rather, it maintains that the practical realities of the criminal justice system necessitate giving district courts flexibility in certain cases by allowing innovative techniques such as video conferencing.

The plain meaning of the term "presence," however, belies such an interpretation of the rule. The Oxford English Dictionary defines "presence" as "[t]he fact or condition of being present; the state of being before, in front of, or in the same place with a person or thing; being there." Oxford English Dictionary (2d ed.1989). And that dictionary further defines "present" as "[b]eing before, beside, with, or in the same place as the person to whom the word has relation; being in the place considered or mentioned; that is here (or there)." *Id.* Black's Law Dictionary has a similar definition of "present"—"[i]n attendance; not elsewhere." Black's Law Dictionary 1202 (7th ed.1999).

Other dictionaries confirm that presence means physical presence. Webster's defines "presence" as "[t]he state or fact of being present," and "[i]mmediate proximity in time or space." Webster's II New College Dictionary 874 (1999). "Present" is then defined as "[b]eing at hand." *Id.* Another version of Webster's also makes clear that "presence" means physical presence. It defines "presence" as "the part of space within one's immediate vicinity." Merriam–Webster's Collegiate Dictionary 921 (10th ed.1999).

Moreover, the context and structure of Rule 43 itself lends further support to presence meaning physical presence.

---

1. Because we resolve this case on statutory grounds, we do not reach Lawrence's claim that the Constitution itself requires Lawrence to be physically present at sentencing. *See, e.g., Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

Rule 43(b) speaks of being "initially present." Fed.R.Crim.P. 43(b). The rule then states that judges may remove a defendant if the defendant "persists in conduct which is such as to justify *exclusion* from the courtroom" if the judge warns "that disruptive conduct will cause the *removal* of the defendant from the courtroom." *Id.* at R. 43(b)(3) (emphasis added). It is difficult to imagine that a defendant can be "excluded" or "removed" from the courtroom unless he was physically present in the first instance. Indeed, the fact that the rule crafts several exceptions to the presence requirement strongly suggests that the drafters of Rule 43 may have considered an exception for video sentencing, but did not adopt it. Thus, the plain language and the context of Rule 43 indicate that "presence" in Rule 43 means physical presence.

The only other circuit to address whether Rule 43 requires physical presence at sentencing has agreed that presence means physical presence. *See United States v. Navarro,* 169 F.3d 228, 235 (5th Cir.1999); *see also Valenzuela–Gonzalez v. United States Dist. Ct. for Dist. of Az.,* 915 F.2d 1276, 1280 (9th Cir.1990) (finding that Rule 10 and Rule 43 combined require that a defendant be physically present at arraignment). *But cf. United States v. Washington,* 705 F.2d 489, 497 n. 4 (D.C.Cir.1983) (stating in a footnote that presence at voir dire might be satisfied by the use of closed circuit television).

The government maintains that district courts should have the discretion to permit video teleconferencing when circumstances warrant it. The rule reflects a firm judgment, however, that virtual reality is rarely a substitute for actual presence and that, even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it. *See* Fed.R.Crim.P.

43; *see also* Fed.R.Crim.P. 43 advisory comm.1974 n. (making clear that closed circuit television is not the same as actually being in the courtroom). The Sixth Amendment right of a defendant to be present at trial best ensures the right to consult with counsel and to confront adverse witnesses. *See Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Presence at sentencing serves additional purposes as well—it gives a defendant one last chance to personally plead his case. If we were to hold that video teleconferencing satisfies the presence requirement of Rule 43, it would permit the government to substitute such conferencing for physical presence for any defendant at any time for any reason.

### B.

The right to be present under Fed. R.Crim.P. 43, however, is not absolute. The rule offers certain limited exceptions to the general requirement of physical presence. Of these, two deserve scrutiny to see whether the rule permits Lawrence's absence—Rule 43(b)(2) and Rule 43(b)(3).

First, Rule 43(b)(2) states that the defendant will be considered to have waived the right to be present whenever a defendant "in a non-capital case, is voluntarily absent at the imposition of sentence." Lawrence's situation, however, does not meet the plain language of this exception. Language is not seasonal apparel; we are not free to cast away the meaning of the text. There was nothing "voluntary" about Lawrence's absence in the sense that voluntary has been repeatedly used by the Supreme Court. *See, e.g., Ricketts v. Adamson,* 483 U.S. 1, 8–11, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987) (voluntariness is knowing and understanding the waiver); *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (knowing

and intelligent waiver required for voluntariness). Lawrence objected when he learned of the proposed video sentencing. He even filed an interlocutory appeal with this court to require the district court to allow him to attend his sentencing hearing. And he renewed his objection at the sentencing hearing itself.

The voluntary waiver exception in Rule 43(b)(2) likewise encompasses the situation where a defendant impliedly waives his right to be present by absconding before sentencing. Indeed, the Advisory Committee Notes to this exception state that it is "intended to remedy the situation where a defendant voluntarily flees before sentence is imposed. Without the amendment, it is doubtful that a court could sentence a defendant who had been present during the entire trial but flees before sentencing." Fed.R.Crim.P. 43 advisory comm.1995 n. sub (b). Here, Lawrence did not flee. He was prevented from physically attending his sentencing hearing by order of the court.

The second potentially applicable exception is Rule 43(b)(3). This section states that a defendant will be considered to have waived the right to be present if the defendant, "after being warned by the court that disruptive conduct will cause the removal of the defendant from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom." Fed.R.Crim.P. 43(b)(3). Undoubtedly, Lawrence engaged in disruptive conduct through his actions at the previous sentencing hearing and by his subsequent misbehavior.

Nevertheless, the district court did not give Lawrence any opportunity prior to the present sentencing hearing to show that he was not disruptive. The plain text of the rule requires the district court to warn defendants that if they continue to be disruptive, they can be removed from the courtroom. Here, no such warning took place. Warning is an integral part of the rule, as well as to the constitutional underpinning of the rule itself. See *Illinois v. Allen,* 397 U.S. at 343, 90 S.Ct. 1057; *Bell v. Evatt,* 72 F.3d 421, 432 (4th Cir.1995). Rule 43(b)(3) essentially codified *Illinois v. Allen,* which held that the constitutional right to physical presence is not absolute, and that an unruly defendant could be removed from the courtroom after a warning by the judge. The district court would be well within its rights to warn this defendant that the first sign of contumacious conduct would be deemed a waiver of the right to be present under Rule 43(b)(3). However, in the absence of such a warning, the defendant cannot be excluded before the proceeding has begun. See Fed. R.Civ.P. 43(b)(2); 43(b)(3).

The United States urges us to create another exception to Rule 43, one that would allow video teleconferencing at the discretion of the district court. We respect the position of the district court, which was understandably concerned that the value of Lawrence's physical presence did not outweigh the risks associated with transporting him. In extreme circumstances such as this, the rule should indeed provide some flexibility. But it does not. We cannot travel where the rule does not go. The rule's general requirement of physical presence in 43(a) is clear, and the exceptions in 43(b) do not apply here. We are left with the principle that imposing punishment on those who break the law must be in accordance with the law. Our system knows no other course.

## III.

For the foregoing reasons, the sentence of the defendant is vacated and the case is remanded for further proceedings consistent with this opinion.[2]

*VACATED AND REMANDED FOR RESENTENCING.*

2. Because we must vacate his sentence and remand the case to the district court, we do not address Lawrence's arguments regarding the upward departure that the district court imposed.