**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 16 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOSE TORRES-PALMA,

      Defendant - Appellant.

No. 01-2179

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-00-417-JC)**

---

Rosanne Camunez, Las Cruces, New Mexico, for Defendant-Appellant.

Alfred J. Perez, Assistant United States Attorney, (David C. Iglesias, United States Attorney, with him on the briefs), Las Cruces, New Mexico, for Plaintiff-Appellee.

---

Before **HENRY**, **PORFILIO** and **ANDERSON**, Circuit Judges.

---

**PORFILIO**, Circuit Judge.

---

      This case presents the question of whether the use of video conferencing at

sentencing violates the provision of Fed. R. Crim. P. 43, which requires a defendant to be

"present" at the imposition of sentence. While certain exceptions to that mandate are granted in Rule 43(b), none of them explicitly permits the use of video conferencing. Although convinced of the need for and the benefits of technology to facilitate expeditious disposition of the ever-growing caseloads in federal courts, we find ourselves unable to reach any conclusion other than the word, "present," in the context of Rule 43, means the defendant must be physically present before the sentencing court. Despite the burden this conclusion presents the district court, we reluctantly remand for re-sentencing.

In addition to the foregoing issue, Defendant questions the district court's denial of a pre-sentence motion for a psychological examination to aid in sentencing. We find no substance to this contention and conclude the district court acted within the scope of its discretion in this matter.

## I.

Because of the unusually high incidence of criminal cases involving transactions across the border with Mexico and the limited judicial resources within the District of New Mexico to deal with those cases, judges from other districts within the Tenth Circuit have voluntarily accepted assignments to preside over the New Mexico criminal docket. Unfortunately, dealing with the logistical problems that arise from this effort sometimes creates other difficulties.

For example, in this case the jury was picked by a local judge, but the case was tried in New Mexico by a judge from outside the district. Certain motions and other

preliminary matters were considered by New Mexico judges and not the trial judge. Thus, after the verdict was entered, the trial judge returned to his home district to deal with matters on his own calendar.

Unfortunately, the crush of those matters made impractical and difficult a timely return of the trial judge to New Mexico only to pronounce sentence in this case. The court concluded video conferencing would provide an ideal solution because the defendant would be able to communicate with and see the court, and the court would have the ability to see and hear the defendant. Nonetheless, standing on the language of Rule 43, defendant objected to the procedure, but the objection was overruled and sentencing took place in a video conference.

Before proceeding to the merits of the issue, we must ask whether, in light of the hardship of providing adequate judicial resources in the District of New Mexico to deal with its exceptional criminal docket, we are about to engage in the elevation of form over substance. After reflection, however, we have to conclude there is significant substance here to inform our decision. *See **Illinois v. Allen***, 397 U.S. 337 (1970).

We commence with Rule 43 which provides:

> **(a) Presence *Required*.** The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the

verdict, and *at the imposition of sentence*, except as otherwise provided by this rule.[1]

**(b) Continued Presence Not Required**. The further progress of the trial to and including the return of the verdict, and the imposition of sentence, will not be prevented and the defendant will be considered to have waived the right to be present whenever a defendant, initially present at trial, or having pleaded guilty or nolo contendere,

(1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial),

(2) in a noncapital case, is voluntarily absent at the imposition of sentence, or

(3) after being warned by the court that disruptive conduct will cause the removal of the defendant from the courtroom, persists in conduct which is such as to justify exclusion from the courtroom.

**(c) Presence Not Required**. A defendant need not be present:

(1) when represented by counsel and the defendant is an organization, as defined in 18 U.S.C. § 18;

(2) when the offense is punishable by fine or by imprisonment for not more than one year or both, and the court, with the written consent of the defendant, permits arraignment, plea, trial, and imposition of sentence in the defendant's absence;

---

[1]In addition, Fed. R. Crim. P. 32(c)(3)(C) sets forth the requirements for sentence and judgment, including the provision, during the imposition of sentence, the sentencing court must "address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence."

- 4 -

(3) when the proceeding involves only a conference or hearing upon a question of law; or

(4) when the proceeding involves a reduction or correction of sentence under Rule 35(b) or (c) or 18 U.S.C. § 3582(c).

(Emphasis added).

Defendant urges the protective breadth of Rule 43 fully embodies a constitutional right to be present at sentencing. This scope was recognized in *United States v. Lawrence*, 248 F.3d 300 (4th Cir. 2001) and *United States v. Navarro*, 169 F.3d 228 (5th Cir. 1999). Each case vacated a defendant's sentence which had been imposed during a video conference and remanded for resentencing.[2]

In *Lawrence*, because of the defendant's obstreperous conduct, including his courtroom outbursts and several incidents of extremely violent behavior while in custody,[3] the district court ordered sentencing to be conducted by video conference. 248 F.3d at 302. Lawrence filed an interlocutory appeal. *Id*.

On appeal, the government argued Rule 43 does not impose an absolute presence requirement in every case. Pressing for a more flexible reading of Rule 43, the government argued: "[t]he practical realities of the criminal justice system necessitate

---

[2]See also, *Valenzuela-Gonzalez v. United States Dist. Court for Dist. of Ariz.*, 915 F.2d 1276, 1281, (9th Cir. 1990) (*quoting In Re United States*, 784 F.2d 1062, 1063 (11th Cir. 1986) ("Without the presence of the defendant, the court cannot know with certainty that the defendant has been apprized of the proceedings.")).

[3]Also, the Bureau of Prisons advised the court Lawrence, who was confined at FCI Florence, Colorado, was considered a "danger for transport." *United States v. Lawrence*, 248 F.3d 300, 302 (4th Cir. 2001).

giving district courts flexibility in certain cases by allowing innovative techniques such as video conferences." *Id*. at 303. The court rejected the argument upon a plain reading of the text of Rule 43 and other extrinsic aids defining the word "present." *Id*. The court confirmed its interpretation of the rule with the ***Oxford English Dictionary*** (2d. ed. 1989), which defines "presence" as "the fact or condition of being present; the state of being before, beside, with, or in the same place as the person to whom the word has relation; being in the place considered or mentioned; that is here (or there);" and ***Black's Law Dictionary*** 1202 (7th ed. 1999), which defines "present" as "[i]n attendance; not elsewhere." 248 F.3d at 303.[4]

Looking additionally to "the context and structure of Rule 43 itself," the court found "further support [for the conclusion the rule means] physical presence." *Id*. Noting the rule permits the defendant to be "excluded" or "removed," the court observed,

> It is difficult to imagine that a defendant can be "excluded" or "removed" from the courtroom unless he was physically present in the first instance. Indeed, the fact that the rule crafts several exceptions to the presence requirement strongly suggests that the drafters of Rule 43 may have considered an exception for video sentencing, but did not adopt it. Thus, the plain language and the content of Rule 43 indicate that "presence" in Rule 43 means physical presence.

*Id*. at 304.

---

[4]The court noted other dictionary definitions of the same ilk. 248 F.3d at 303.

Responding to the government's contention district courts have discretion to permit video teleconferencing when circumstances warrant, the court concluded Rule 43 "reflects a firm judgment, however, that virtual reality is rarely a substitute for actual presence and that, even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it." *Id*.

In *Navarro*, defendant was sentenced to life imprisonment after a video conference. Responding to the defendant's argument on appeal, the government contended video conferencing was widely used and beneficial "because it increases productivity by reducing travel time, and . . . is less costly and more safe than transporting prisoners." 169 F.3d at 235. The Fifth Circuit's analysis of the rule began with the plain language of Rule 43, progressed to the dictionary definitions, and concluded with the Confrontation Clause. As a result, the court concluded presence meant physical presence, not "within sight and call" as contended by the dissent. *Id*. at 236.[5] The court also underscored the Advisory Committee Notes to Rule 43 which "suggested" the drafters' understanding of "present" to mean "physically being in the courtroom." *Id*. at 237. Responding to concerns of practicality, the court noted: "We are sympathetic to the expense and delay incurred by transporting prisoners, however, the decision whether this expense and delay is [sic] 'justifiable' is the type of decision that should be considered by the drafters of the Rules." *Id*.

---

[5]It is that dissent the government wishes us to adopt here.

In light of this authority, the government suggests any error here is harmless "because Defendant cannot show that he was prejudiced in any manner by the video conferencing procedure." Although the government concedes the Rule 43 violation, it nevertheless contends no case to date has applied a harmless error-prejudice analysis. Yet, we see the harmless error argument as simply another face to the contentions advanced by the government in *Navarro* and *Lawrence* that Rule 43(a) should be broadly construed because such a construction would aid the paramount needs for simplicity and convenience to the court.

The analyses undertaken in those cases are very persuasive. Those analyses will not support a flexible reading of Rule 43, even to accommodate the logistical burdens thrust upon the District of New Mexico and all the volunteers who are struggling to deal with the burden of the border cases. We believe the only relief from this result is a redrafting of the language of Rule 43. Until that time, video conferencing for sentencing is not within the scope of a district court's discretion. Furthermore, Rule 43 vindicates a central principle of the criminal justice system, violation of which is *per se* prejudicial. In that light, presence or absence of prejudice is not a factor in judging the violation. *See United States v. Mojica-Baez*, 229 F.3d 292, 309 (1st Cir. 2000).[6]

---

[6]The Government also relies on *United States v. Carrier*, 9 F.3d 867 (10th Cir. 1993), in which we held the Confrontation Clause would not prohibit use of televised testimony in child sex abuse cases. We distinguish this case because of the explicit language of Rule 43(b) which was not considered in *Carrier*.

**II.**

Defendant's second contention of error is the trial judge's "countermanding" an order from a prior judge in the case and refusing to order a psychological evaluation for sentencing purposes. He contends the countermand is tantamount to altering the law of the case, an important doctrine which assures uniformity once issues have been decided. *Ute Indian Tribe of the Uintah and Ouray Reservation v. Utah*, 114 F.3d 1513, 1521 (10th Cir. 1997). He thus argues the law of the case doctrine applied here should preclude the trial judge from reexamining the prior order, thereby undermining the public's confidence in the Las Cruces duty judge system and encouraging judge shopping. He adds his right to an evaluation, bestowed one day and removed the next, has serious due process, adequate representation, and fair sentencing implications.

From the outset, this argument presents us with a fundamental difficulty. We are unable to locate in the record either a motion or the so-called first order upon which Defendant's argument is based. The only reference to either a motion or order contained in the Defendant's brief is a document entitled "CJA 21." We take note, however, that a CJA 21 is a form used by appointed counsel to secure government payment for services to be rendered on behalf of an indigent defendant.

The only other support for this argument we can glean from the record is contained in the statements of counsel made to the court prior to sentencing. From those statements, we discern that prior to trial, counsel applied to the presiding judge of the district (in this

case Judge Conway) for authorization for payment by the government of a psychological examination. As required, Judge Conway approved the request upon a voucher that was then transmitted to the Chief Judge of the Circuit for approval. The voucher was examined by the designee of the Chief Circuit Judge who also approved the payment.

Subsequently, in the district court prior to sentencing and here on appeal, counsel has argued the voucher approvals given by the appropriate judges constituted orders granting a motion for a presentence examination. Nothing else contained in the record stands as a judicial order requiring the appointment of a psychiatrist or establishes the conditions under which an examination should take place. Indeed, the process for approval of payment was merely an administrative function of the courts and not an order upon which a law of the case argument can stand.

As a consequence, we believe Defendant's argument is futile. Having failed to establish the basic premise of his contention, that there was an order requiring a presentence psychological examination that was subsequently violated, Defendant's argument collapses for lack of support. Furthermore, we see no abuse of discretion in the action taken by the sentencing judge.

The case is **REMANDED** to the district court for resentencing of the Defendant who shall be in the physical presence of the sentencing judge. In all other respects, the judgment of the district court is **AFFIRMED**.

*United States v. Torres-Palma*, no. 01-2179

HENRY, J., concurring,

I concur but write separately to explain why I agree with the majority's conclusion of the per se prejudice in this situation.

The Supreme Court has stated that "a violation of Rule 43 may in some circumstances be harmless error." *See Rogers v. United States*, 422 U.S. 35, 40 (1975). Accordingly, some decisions of this court have applied harmless error analysis when the defendant raises a constitutional or rule-based challenge arising out of his absence from a particular proceeding.[1]

However, I have found no decisions that have applied harmless error analysis when the defendant was completely absent from the courtroom during sentencing. *Cf Green v. United States*, 365 U.S. 301, 304 (1961) (discussing the importance of the common-law right of allocution and noting that, "[a]s early as 1689, it was recognized

---

[1] *See United States v. Santiago*, 977 F.2d 517, 522 (10th Cir. 1993) (stating that "reversal based on a defendant's absence at a particular proceeding is not warranted if the record completely negatives any reasonable possibility of prejudice arising from such error" and concluding that a defendant's exclusion from the trial judge's ex parte questioning of a juror on the record was harmless) (internal quotation marks omitted); *United States v. Wilburn*, 549 F.2d 734, 737 (10th Cir. 1977) (stating that "[d]eprivation of a defendant's right to be present at every stage of trial is subject to the harmless error rule and exchanges between the judge and jurors will not constitute reversible error lacking showing of clear prejudice to the absent defendant" and concluding that the trial judge's instruction to the jury to continue deliberations—given without the defendant or his counsel being present—was harmless).

that the court's failure to ask the defendant if he had anything to say before sentence was imposed *required reversal*") (emphasis added); **United States v. Burgos-Andujar**, 275 F.3d 23, 28 (1st Cir. 2001) (noting the importance of allowing the defendant to address the judge before a sentencing is pronounced and stating that "[i]n keeping with the importance of this rule, if a sentencing court fails to provide a defendant with the chance to address the court, the reviewing court must remand the case for resentencing, *generally without needing to inquire into prejudice*") (emphasis added). The variety of discretionary decisions confronted by the sentencing judge (*e.g.*, downward departures and the imposition of certain conditions of supervised release) underscores "the value of face-to-face sentencing." **United States v. Navarro**, 169 F.3d 228, 239 (5th Cir. 1999). Therefore, in my view, appellate review through harmless error analysis is an inadequate substitute for the defendant's personal appearance in the sentencing judge's courtroom.

In this case, in contravention of Rule 43 of the Federal Rules of Criminal Procedure, Mr. Torres-Palma was not afforded the right to appear personally in court before the judge pronounced the sentence that deprived him of his liberty. In light of the deep historical roots of the right of allocution, *see Green*, 301 U.S. at 304, and the language of Rule 43, I agree that the case must be remanded for resentencing.