**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

NICHOLAS GONZALES-FLORES,

        *Defendant-Appellant.*

No. 11-4926

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, Senior District Judge.
(3:11-cr-00007-NKM-1)

Argued: October 24, 2012

Decided: December 4, 2012

Before WILKINSON, GREGORY, and DUNCAN,
Circuit Judges.

---

Affirmed by published opinion. Judge Wilkinson wrote the
opinion, in which Judge Gregory and Judge Duncan joined.

---

**COUNSEL**

**ARGUED:** Christine Madeleine Lee, OFFICE OF THE FED-ERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Thomas T. Cullen, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee. **ON BRIEF:** Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Roanoke, Virginia, Ramin Fatehi, Special Assistant United States Attorney, Lucas E. Beirne, Third Year Law Intern, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

**OPINION**

WILKINSON, Circuit Judge:

In this case, we must decide whether Rule 43 of the Federal Rules of Criminal Procedure requires that a defendant be present at a pretrial hearing where the district court determines whether the government violated its discovery obligations and, if so, how to remedy the violation. After counsel for defendant Nicholas Gonzales-Flores filed a motion in limine seeking to exclude evidence as a sanction for the government's alleged discovery violation, the district court denied the motion at a hearing that Gonzales-Flores did not attend and in which he did not otherwise participate. Gonzales-Flores now contends he should have been present. Because Rule 43 does not require a defendant to be present at a hearing on such a motion, however, we shall affirm his conviction and sentence.

I.

Throughout the fall of 2010, a joint federal-state narcotics task force investigated a conspiracy to distribute methamphet-

amine in the Western District of Virginia. After identifying Gonzales-Flores as the primary source of the drugs used in the conspiracy, members of the task force enlisted a confidential informant to conduct a controlled purchase of methamphetamine from him. They also executed a search warrant at Gonzales-Flores's home, where they found three grams of methamphetamine, digital scales, a nine-millimeter handgun and magazine, and $954 in cash.

Based on this and other evidence, federal prosecutors charged Gonzales-Flores, in February 2011, with various counts involving the distribution of methamphetamine, *see* 21 U.S.C. §§ 841(a), 841(b)(1)(A), 841(b)(1)(C), 846, 856(a)(1), as well as with being an illegal alien and knowingly and intentionally possessing a firearm that had been shipped in interstate or foreign commerce, *see* 18 U.S.C. § 922(g)(5)(A).

On June 14, 2011, two days before Gonzales-Flores's jury trial on these charges was scheduled to begin, the government informed his counsel that it intended to call three expert witnesses. Gonzales-Flores's counsel filed a motion in limine seeking to exclude the witnesses' proposed testimony on the ground that the government had failed to provide timely and adequate disclosure of the testimony, as required by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The district court considered the motion the next day during a telephonic hearing in which an Assistant United States Attorney and Gonzales-Flores's counsel participated. Although Gonzales-Flores was unaware of the hearing until after it occurred, and thus neither attended the hearing nor participated in it by telephone, his counsel never objected to his absence.

Defense counsel argued at the hearing that the district court should remedy the government's alleged Rule 16 violation by excluding its proposed expert-witness testimony. While insisting that any deficiencies in the disclosure of the witnesses' testimony were excusable and that the testimony should there-

fore not be excluded, the government nevertheless expressed its willingness to agree to a continuance of the trial if Gonzales-Flores's counsel requested one. The district court declined to consider a continuance or to exclude the expert-witness testimony. It found that the government's belated disclosure had in no way prejudiced the preparation of the defense, since Gonzales-Flores's counsel could have reasonably anticipated that the government would introduce expert testimony on the topics about which the three expert witnesses proposed to testify and could have prepared accordingly. The judge did, however, indicate his willingness to reconsider the motion in limine should "any prejudice" or "evidence of prejudice" arise during the course of the trial.

At trial, the government called the three expert witnesses who were the subject of the motion in limine, as well as a number of other lay and expert witnesses. The first expert, a forensic analyst, testified that the substance recovered during the search of Gonzales-Flores's home was indeed methamphetamine. The second expert, a law-enforcement officer familiar with the drug trade, testified that the various items recovered during the search were more consistent with a methamphetamine distribution scheme than with personal use of the drug. And the third expert, a firearms analyst, testified that the weapon recovered during the search was operable and had traveled in interstate commerce. Two additional expert witnesses corroborated the testimony of the forensic and firearms analysts. The government also called the confidential informant who had conducted the controlled purchase of methamphetamine from Gonzales-Flores; indicted and unindicted coconspirators who had purchased methamphetamine from, and used the drug with, Gonzales-Flores; and a number of law-enforcement officers involved in the investigation and arrest of Gonzales-Flores.

The jury convicted Gonzales-Flores of all the charged offenses except knowingly possessing methamphetamine with intent to distribute, convicting him instead of the lesser-

included offense of simple possession of methamphetamine. The district court sentenced Gonzales-Flores to a 180-month term of imprisonment and a five-year term of supervised release. This appeal followed.

## II.

Gonzales-Flores challenges his conviction and sentence on the ground that the district court violated Rule 43 of the Federal Rules of Criminal Procedure by ruling on his counsel's motion in limine at a hearing from which he was absent. It bears emphasis that Gonzales-Flores does not contest the underlying merits of the district court's ruling at the hearing (or, for that matter, any other ruling made by the district court during the entirety of the proceedings against him). The only issue before us is whether the district court erred by holding the hearing in Gonzales-Flores's absence.

Because Gonzales-Flores's counsel never objected to his client's absence from the hearing, we review Gonzales-Flores's claim under the familiar plain-error standard. *See United States v. Rolle*, 204 F.3d 133, 138-39 (4th Cir. 2000). According to that standard, a defendant who raises a forfeited claim on appeal must show that the district court committed an "error" that was "plain" and that affected the defendant's "substantial rights"—that is, that "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 732, 734 (1993). Even if a defendant makes these showings, we may nevertheless decline to notice the error unless it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 732 (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

## A.

In determining the scope of Rule 43, we begin, as always, with the rule's text. Rule 43 first identifies certain stages of a criminal prosecution at which a defendant must be "present"

—to wit, "(1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing." Fed. R. Crim. P. 43(a). We have consistently interpreted this provision in accordance with the plain meaning of its constituent terms. For example, we have affirmed a defendant's right to be present for "jury impanelment," *see United States v. Camacho*, 955 F.2d 950, 953 (4th Cir. 1992), a stage we have held to include the voir dire of all prospective jurors, *see Rolle*, 204 F.3d at 137-38; *United States v. Tipton*, 90 F.3d 861, 872 (4th Cir. 1996). We have also given the word "present" its ordinary meaning, upholding a defendant's right to be physically present—rather than just virtually "present," through some electronic medium—at his sentencing. *See United States v. Lawrence*, 248 F.3d 300, 303-04 (4th Cir. 2001).

There is a question whether the kind of pretrial hearing at issue in this case constitutes a "trial stage" within the meaning of Rule 43(a)(2) and is therefore at least in principle subject to Rule 43(a)'s presence requirement. It is not clear whether the requirement applies to any pretrial proceedings other than those specifically enumerated in Rule 43(a)(1)—namely, "the initial appearance, the initial arraignment, and the plea"—given that Rule 43(a)(2) implies that no "trial stage" precedes "jury impanelment." *Compare, e.g.*, *United States v. Burke*, 345 F.3d 416, 422-24 (6th Cir. 2003) (holding that Rule 43(a)(2) does not apply to pretrial hearings), *with United States v. Johnson*, 859 F.2d 1289, 1294-95 (7th Cir. 1988) (assuming that Rule 43(a)(2) applies to at least some pretrial proceedings). However, we can resolve the instant case on a more straightforward ground and therefore assume, without deciding, that a pretrial hearing on an alleged discovery violation constitutes a "trial stage" subject to Rule 43(a)'s general presence requirement.

After identifying those stages at which a defendant must be present, Rule 43 proceeds to exempt specific kinds of proceedings from this requirement. *See* Fed. R. Crim. P. 43(b).

As relevant here, Rule 43(b)(3) provides that a defendant need not be present at a "proceeding [that] involves only a conference or hearing on a question of law." We hold that this exception encompasses a hearing to determine whether the government violated its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure and, if so, how to remedy the violation.

This conclusion follows from the plain text of Rule 43(b)(3). Although the provision leaves the term "question of law" undefined, the term typically refers to "[a]n issue to be decided by the judge, concerning the application or interpretation of the law." *Black's Law Dictionary* 1366 (9th ed. 2009). An issue can be a "question of law," moreover, "although it may turn on a factual point," so long as it "is reserved for the court and excluded from the jury." *Id.*

Whether the government violated Rule 16 and what remedy any violation might merit are both "questions of law," as so defined. To determine whether the government violated Rule 16, a district court need only decide the proper "interpretation" of the relevant provision of the rule and the "application" of the provision to the government's conduct. And while a district court enjoys broad discretion in deciding how to remedy a discovery violation, *see* Fed. R. Crim. P. 16(d)(2), that discretion is channeled into a discrete set of traditionally judicial inquiries concerning "the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government," *United States v. Hastings*, 126 F.3d 310, 317 (4th Cir. 1997).

The questions at issue in a hearing on an alleged discovery violation thus turn on the meaning of Rule 16's requirements and the remedies that may ensue from their breach. Insofar as these questions implicate any facts at all, they implicate the kinds of facts that concern the lawyers' conduct during the lit-

igation itself, not facts that remain within the province of the jury, such as the credibility of a particular witness, the weight of a piece of evidence, or the ultimate guilt or innocence of the defendant. They therefore remain quintessentially legal questions, the kinds of questions district courts routinely resolve in managing criminal trials.

Consider the hearing held by the district court in this case. The lawyers for both sides agreed that the government had disclosed summaries of the expert witnesses' proposed testimony only one day before the hearing (two days before Gonzales-Flores's trial was scheduled to begin). The district court had to decide simply whether this delay violated Rule 16(a)(1)(G), a purely legal question. As for the remedial issue, the key question was whether the government's delay had so prejudiced the preparation of Gonzales-Flores's defense as to warrant exclusion or a continuance under Rule 16(d)(2). This, too, was largely a legal question, for it required the district court to consider whether, in the words of that court, "any lawyer would have hired an expert in this case on any of the[ ] issues" about which the government's expert witnesses proposed to testify. In engaging in such analysis, the district court was exercising its judgment in light of its trial experience, as it must inevitably do in order to resolve the myriad legal issues that arise over the course of a criminal proceeding.

Our conclusion that a hearing on a discovery violation is "a conference or hearing on a question of law" is further bolstered by the Advisory Committee's statement that Rule 43's general presence requirement "does not apply to hearings on motions made prior to or after trial." Fed. R. Crim. P. 43 advisory committee's note 1. Since its original enactment, in 1944, Rule 43 has been amended six times, yet the Advisory Committee has never seen fit to revise, remove, or reject this statement. This supports our conclusion that the drafters of Rule 43 never intended the rule's presence requirement to apply to pretrial hearings on the kinds of routine discovery issues that arose in this case.

To be sure, as Gonzales-Flores notes, we review a district court's decision regarding whether a party has violated Rule 16, as well as its decision to order a particular sanction, for abuse of discretion, a standard of review not uncommonly reserved for decisions that involve some factual component. *See United States v. Young*, 248 F.3d 260, 269 (4th Cir. 2001) (violations); *United States v. Barile*, 286 F.3d 749, 758-59 (4th Cir. 2002) (sanctions). But this alone does not prevent a discovery issue from being a "question of law" within the meaning of Rule 43(b)(3), for nearly every legal question involves some factual component. Consider one of the most routine determinations made by district courts: whether an out-of-court statement constitutes inadmissible "hearsay" within the meaning of Federal Rule of Evidence 801. To make this determination, a district court must decide whether the out-of-court statement is being "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). A district court's hearsay rulings thus contain an irreducible "factual" component—namely, identifying the actual purpose for which a party is introducing an out-of-court statement. Moreover, we review a district court's hearsay rulings for abuse of discretion. *See United States v. DeLeon*, 678 F.3d 317, 326 (4th Cir. 2012). And yet, no one doubts that determining whether an out-of-court statement constitutes hearsay remains a question of law. *See* Christopher B. Mueller & Laird C. Kirkpatrick, *Evidence* § 8.12, at 748 n.1 (4th ed. 2009) ("The judge alone determines what the proponent is trying to prove and what the declarant was trying to say.").

Indeed, numerous rulings by district courts are reviewed for abuse of discretion but are nevertheless thought to be legal in nature. *See, e.g.*, *United States v. Novak*, 607 F.3d 968, 972 (4th Cir. 2010) (jury instructions); *United States v. Basham*, 561 F.3d 302, 321 (4th Cir. 2009) (disqualification of defense counsel for a conflict of interest); *United States v. Badwan*, 624 F.2d 1228, 1232 (4th Cir. 1980) (continuances). So, too, with discovery rulings under Rule 16: while such rulings

sometimes rest on factual premises, such as when a party disclosed its witness list or what information it included in the disclosure, the ultimate questions of whether a party violated Rule 16 and, if so, what remedy is appropriate remain within the scope of Rule 43(b)(3)'s exemption for "a conference or hearing on a question of law."

### B.

The defendant points us to no court that has extended Rule 43's presence requirement to the kind of hearing at issue in this case. And for good reason. To begin with this court's precedents, we have held Rule 43's presence requirement to apply to proceedings explicitly recognized by the plain language of the rule, *see Lawrence*, 248 F.3d at 303-04 ("sentencing"); *Camacho*, 955 F.2d at 953 ("jury impanelment"), or necessarily encompassed by its terms, *see Rolle*, 204 F.3d at 137 (holding "jury impanelment" to include voir dire); *Tipton*, 90 F.3d at 872 (same). Similarly, as we explained above, a hearing on a discovery violation falls within the plain language of the exception for a "hearing" on a "question of law." Just as we must give effect to the plain language of Rule 43's presence requirement, so we must employ the same interpretive approach with respect to the exceptions to that requirement.

Moreover, we have applied Rule 43's presence requirement to serve a consistent purpose: ensuring the fair and accurate resolution of the proceeding at issue. Thus, in holding that Rule 43 guarantees a defendant the right to be present at voir dire, we emphasized the various ways in which a defendant might contribute to that proceeding, from "'identify[ing] prospective jurors that he knows'" to guarding against "'particular local prejudices his lawyer does not know about.'" *Rolle*, 204 F.3d at 137 (quoting *Camacho*, 955 F.2d at 956). And we have explained that a defendant's right to be physically present at his sentencing both helps him to effectively assist his counsel and affords him "one last chance to personally plead

his case." *Lawrence*, 248 F.3d at 304. In a similar vein, the Supreme Court has held that the constitutional (as opposed to Rule 43-based) right to be present applies not "'when presence would be useless, or the benefit but a shadow,'" but only "'to the extent that a fair and just hearing would be thwarted by [the defendant's] absence.'" *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 106-07, 108 (1934)). In short, the whole point of the right to be present (in both its constitutional and statutory dimensions) is to permit the defendant to contribute in some meaningful way to the fair and accurate resolution of the proceedings against him.

As other circuits have recognized, this purpose is not served where the proceeding at issue concerns a legal question, precisely the situation contemplated by Rule 43(b)(3). We find the Eighth Circuit's reasoning on this point persuasive:

> If the proceeding at issue addresses or involves factual questions, it is possible that the defendant's absence would thwart a "fair and just hearing." By contrast, if the proceeding involves only legal questions, the defendant's absence would not impact his defense because it is likely he would not contribute any expertise on such matters.

*United States v. Moe*, 536 F.3d 825, 830 (8th Cir. 2008) (quoting *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam)). Based on this reasoning, the Eighth Circuit proceeded to hold that Rule 43(b)(3) generally exempts hearings on a motion for a continuance from Rule 43(a)'s presence requirement, *id.* at 830-31, a position adopted by other circuits as well, *see, e.g.*, *United States v. Killian*, 639 F.2d 206, 209-10 (5th Cir. Unit A Mar. 1981). Still other circuits have reached the same conclusion with respect to hearings on proposed jury instructions, *see, e.g.*, *United States v. Perez*, 612 F.3d 879, 882-83 (7th Cir. 2010); defense lawyers' potential

conflicts of interest, *see, e.g.*, *United States v. Jones*, 381 F.3d 114, 122-23 (2d Cir. 2004); and certain evidentiary issues, *see, e.g.*, *United States v. Gunter*, 631 F.2d 583, 589 (8th Cir. 1980). For purposes of the Rule 43(b)(3) exception, we see no material difference between hearings on motions for continuances, proposed jury instructions, and potential conflicts of interest, on the one hand, and a hearing on a motion in limine alleging a discovery violation and requesting a particular remedy, on the other: each proceeding turns on questions to which a defendant's contribution is apt to be more marginal than at the trial and sentencing proceedings at which a defendant's presence is a must.

## C.

To be clear, Rule 43 does not forbid a defendant to be present at proceedings exempted under Rule 43(b). It remains open to district courts to permit a defendant to appear even when Rule 43 does not require his presence. For any exempted proceeding, however, Rule 43 affords a district court the discretion to decide whether a defendant must be present in order for the proceeding to be conducted efficiently and fairly. *Cf.* Fed. R. Crim. P. 43 advisory committee's note 3 (explaining that the provision now codified as Rule 43(b)(2) "leaves it discretionary with the court to permit defendants in misdemeanor cases to absent themselves and, if so, to determine in what types of misdemeanors and to what extent"). The rule thereby recognizes and safeguards the traditional trial-management functions of district courts.

Were we to accept Gonzales-Flores's invitation to extend Rule 43's presence requirement to hearings on discovery violations, we would risk subverting district courts' trial-management functions and thus the intent of Rule 43. For district courts confront myriad routine procedural matters over the course of a criminal trial. Nor is it "'unusual for a judge to call counsel into chambers and discuss matters of evidence, the form of questions, instructions proposed, and other mat-

ters looking to a more orderly trial, without having a defendant present.'" *United States v. Barth*, 424 F.3d 752, 762 (8th Cir. 2005) (quoting *Cox v. United States*, 309 F.2d 614, 616 (8th Cir. 1962)). Trial judges must be afforded latitude in disposing of these matters with some measure of expedition—a goal that Rule 43 heeds by entrusting to district courts' discretion the decision whether to permit a defendant's presence at a proceeding exempted from the rule's general presence requirement. We decline to hamstring district courts by undercutting Rule 43's plain text.

We thus hold that the district court did not violate Gonzales-Flores's rights under Rule 43 by considering his counsel's motion in limine in his absence. And because we conclude that the district court committed no error, we need not address the other prongs of the *Olano* test.*

### III.

For the foregoing reasons, the judgment of the district court is affirmed.

*AFFIRMED*

---

*Gonzales-Flores also contends that his absence from the hearing on the motion in limine violated the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment, each of which guarantees a defendant the right to be present at certain critical stages of the proceedings against him. *See United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam). Our conclusion that Gonzales-Flores had no right to be present at the hearing under Rule 43 disposes of his constitutional claim as well, for Rule 43 protects a broader right to be present than does the Constitution. *See United States v. Rolle*, 204 F.3d 133, 136-37 (4th Cir. 2000).