EDITH H. JONES, Circuit Judge,
concurring:
I concur in this opinion and draw attention to its fn. 6, which states that there is no authority for the district court’s conducting the resentencing hearing by telephone conference. From what this court learned at oral argument, a Federal Public Defender was present in court for the defendant, the Judge herself only by telephone, the defendant “participated” from a halfway house somewhere, and appellate counsel was unsure where the AUSA was during the resentencing “hearing.” There is no indication that the defendant consented to this procedure[1]. That no one objected, and all the professional parties to the proceeding found this process convenient does not make it proper.
Perhaps this measure was viewed as a simple extension of the practice of conducting sentencing by videoconferences. In such proceedings, the judge presides from another location, while the defendant, together with his or her family, and the AUSA are present in the court of conviction. The judge’s face is on the two-way screen in the courtroom. Sentencing by videoconference is not an ideal way to run a criminal justice system. It removes the presence of the judge as a visible sign of the community’s conscience and may deprive the judge of the ability to read the attitudes and body language of the defendant at the moment the judge must decide a sentence. Sentencing by videoconference seems even more troubling when, not uncommonly, evidence must be offered and ruled on at the proceeding. Despite these difficulties, videoconference sentencing has been practiced, when the defendant consents, as a measure of necessity in courts that are understaffed or confront a high volume of criminal cases. In a videoconference, at least, the judge wears a robe in a court-like room, and all parties behave as in an ordinary courtroom setting.
But as our opinion specifies, Rule 43(a)(3) mandates the defendant’s “presence” at sentencing, and we have held that the defendant must first consent before the court may conduct sentencing by vi-deoconference. United States v. Navarro, 169 F.3d 228, 235 (5th Cir. 1999) (vacating sentencing where defendant did not consent to video-conference). See also United States v. Lawrence, 248 F.3d 300, 303-04 (4th Cir. 2001). An in-person proceeding allows the judge to “experience those impressions gleaned through ... any personal confrontation in which one attempts to assess the credibility or to evaluate the true moral fiber of another.” United States v. Thompson, 599 F.3d 595, 599 (7th Cir. 2010) (internal quotation marks and citations omitted).
Moreover, in contrast to Rule 43(a)(3), which makes no mention of videoconferencing, Rules 5(f) and 10(c) expressly authorize videoconferencing a defendant’s initial appearance and arraignment only “if the defendant consents.” Fed. R. Crim. Pro. 5(f), 10(c). It is therefore a fair inference that videoconferencing “is the exception to the rule, not the default rule itself.” Thompson, 599 F.3d at 600-01.
*734 Sentencing by telephonic conferencing goes far beyond videoconferencing in its lack of dignity and detachment from the moral drama of the criminal justice system. Transforming criminal sentencing from a formal court hearing into a telephonic conference—even on “minor” matters of subjugation to drug testing and evening curfew—immeasurably reduces the seriousness of the proceeding and threatens to compromise the openness of federal courts.
Not only was there no face to face meeting of the parties here, but even stranger, the defendant was in a halfway house somewhere while her Federal Public Defender attorney was only available to her, remotely, by telephone. Suppose a last-minute question had arisen on which the defendant needed counsel’s advice? Suppose the AUSA had produced a witness for testimony on the matter being sentenced? Suppose one of the parties to this conversation—whether counsel or judge—was trying to multitask while halfway listening to the voice on the other end of the courtroom line?[2] There may be practical answers to these questions, but they do not override one’s commonsense notion that listeners are often inclined to “tune out” audio without corresponding visual stimulation. Nor do practical excuses override the symbolic significance of procedural formality by all participants and the physical proximity of the defendant to her counsel.[3]
There is no provision for telephonic sentencing in the Rules. Conducting resen-tencing, to say nothing of initial sentencing, by telephonic conference reflects poorly on the dignity and integrity of federal court proceedings. The Chief Judge’s admonition for the panel is fn. 6 of this opinion is significant.

. After this opinion issued, we were advised that the AUSA attended the hearing in court. More important, defense counsel initiated the request for a telephonic hearing .to expedite *734 the resentencing. The defendant agreed, albeit not on the record, to this procedure. For reasons stated herein, however, I do not believe these additional facts salvage an unauthorized device.

. It is possible that the telephonic nature of this proceeding led to the judge's becoming confused about the purpose of resentencing. Although this court had ordered resentencing on the conditions of supervised release without restriction, the judge perfunctorily reimposed the special drug testing condition without any explanation and without any mention of the remand order.

. Worth noting are the Advisory Committee Notes to the 2002 Amendments to the Federal Rules of Criminal Procedure, appended to Fed. Rule Crim. Pro. 10. The Notes explain in detail how carefully the innovation—permitting videoconferencing only for initial appearance and arraignment “with the defendant’s consent”—must be applied. In particular, the Notes advise courts to adopt standard procedures "for televising the video teleconference ... conducive to the solemnity of a federal criminal proceeding.” Among the recommended measures are a room that reflects "the dignity of a federal courtroom” at the detention facility; ensuring that the judge or a surrogate can carefully assess the defendant’s condition; and insuring that "counsel and the defendant (and even the defendant’s immediate family) are provided an ample opportunity to confer in private.” Conferencing by telephone where the defendant's "presence” is required cannot match these features.