**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4556**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMIAH V. PITTS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:19-cr-00243-MOC-DCK-1)

Submitted:  September 22, 2025                    Decided:  November 26, 2025

Before NIEMEYER, BENJAMIN, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Roderick M. Wright, Jr., RODERICK WRIGHT LAW FIRM, PLLC, Cornelius, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In January 2022, a jury convicted Jeremiah V. Pitts of three counts of mail fraud, in violation of 18 U.S.C. § 1341, and eight counts of bank fraud, in violation of 18 U.S.C. § 1344. After the verdict, the district court released Pitts on bond, and Pitts eventually stopped communicating with the probation office and his counsel. Efforts by Pitts's probation officer and the United States Marshals Service were unsuccessful in locating Pitts. When Pitts did not appear at the sentencing hearing, the district court heard evidence regarding the Government's efforts to locate Pitts, as well as arguments from Pitts's counsel. The court found that Pitts had absconded, so it held the hearing in absentia. The court sentenced Pitts to 87 months' imprisonment, the low end of the Sentencing Guidelines range. Pitts appeals, arguing that the district court erred in sentencing him in absentia, calculating the loss amount under the Guidelines, and imposing an unreasonable sentence. We affirm.

We review for abuse of discretion a district court's decision to conduct a sentencing hearing without the defendant's presence. *United States v. Muslim*, 944 F.3d 154, 160 (4th Cir. 2019); *see United States v. Camacho*, 955 F.2d 950, 953 (4th Cir. 1992). In addition, "[v]iolations stemming from a defendant's absence from the courtroom are subject to a harmless error analysis." *Muslim*, 944 F.3d at 160. The defendant's presence is normally required at sentencing. Fed. R. Crim. P. 43(a)(3); *see United States v. Lawrence*, 248 F.3d 300, 302 (4th Cir. 2001). However, a defendant who was initially present at trial waives the right to be present when he is later voluntarily absent. Fed. R. Crim. P. 43(c)(1)(A).

2

A defendant may waive the right to be present knowingly and voluntarily or "impliedly waives his right to be present by absconding before sentencing." *United States v. Castellon*, 92 F.4th 540, 543 (4th Cir. 2024) (internal quotation marks omitted). However, "[t]he right [] cannot cursorily, and without inquiry, be deemed by the trial court to have been waived simply because the accused is not present when he should have been." *Camacho*, 955 F.2d at 954 (internal quotation marks omitted). In determining whether a defendant is voluntarily absent, the district court must attempt to "find out where the defendant is and why he is absent, and should consider the likelihood the trial could soon proceed with the defendant, the difficulty of rescheduling and the burden on the government." *United States v. Rogers*, 853 F.2d 249, 252 (4th Cir. 1988).

We conclude that the court did not abuse its discretion in finding that Pitts was voluntarily absent from his sentencing hearing. The record demonstrates that the court considered testimony and evidence from Pitts's probation officer and the United States Marshal assigned to locate Pitts. Based on the evidence, the court reasonably concluded that Pitts had absconded.

Pitts next argues that the district court erred in calculating the Guidelines range and imposed an unreasonable sentence. We "'review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In doing so, we first ensure that the district court committed no significant procedural error. *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). "If [we] find[] no significant procedural error, [we] then

3

consider[] the substantive reasonableness of the sentence imposed," *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (internal quotation marks omitted), "taking into account the totality of the circumstances," *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). A sentence within or below a properly calculated Guidelines range is presumptively reasonable. *See United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019). A defendant can only rebut the presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

When analyzing a district court's calculations under the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo. *United States v. Gross*, 90 F.4th 715, 720 (4th Cir. 2024). Thus, we will uphold the district court's factual findings if they were "plausible in light of the record viewed in its entirety." *Id.* at 722.

Under the Guidelines, courts apply increases to the offense level for fraud offenses based on the loss amount. U.S. Sentencing Guidelines Manual § 2B1.1(b) (2024). The commentary to the fraud Guideline explains that the loss amount is the greater of actual or intended loss. USSG § 2B1.1, cmt. n.3(A); *see United States v. Boler*, 115 F.4th 316, 325-28 (4th Cir. 2024) (holding that commentary regarding loss amount is authoritative). The commentary further defines intended loss as "the pecuniary harm that the defendant purposely sought to inflict," including "pecuniary harm that would have been impossible or unlikely to occur." USSG § 2B1.1, cmt. n.3(A)(ii).

4

We have reviewed the record and conclude that the district court committed no procedural error in sentencing Pitts. Though the actual loss for Pitts's transactions was less than the intended loss, the Guidelines commentary instructs courts that loss is the greater of actual or intended loss. Here, the district court did not clearly err in calculating the intended loss. Moreover, we presume that Pitts's within-Guidelines-range sentence is substantively reasonable, and Pitts has not rebutted that presumption.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*