## In re UNITED STATES of America, Petitioner.

No. 85–6027
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 28, 1986.

Louis C. Esposito, Orange, N.J., for Carbone.

Peter V. Ryan, W. Orange, N.J., for Basto.

Joseph A. Hayden, Jr., Hayden & Perle, Richard F.X. Regan, Hoboken, N.J., for Palo.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

**PER CURIAM:**

The government seeks a writ of mandamus directing the district court to arraign three defendants in their presence. The district court allowed the defendants to waive appearance at arraignment and to enter not guilty pleas through their lawyers. Because the district court's actions are directly contrary to the requirements of Federal Rule of Criminal Procedure 43(a), mandamus must issue.

In April 1985, the defendants were indicted on firearms charges by a federal grand jury in New Jersey. They were arrested in New Jersey and posted bond. On June 20, 1985, a federal grand jury in Miami returned an eleven count indictment superseding the New Jersey indictment. The New Jersey case was later dismissed. On July 26, 1985, a federal magistrate in New Jersey conducted a removal hearing pursuant to Rule 40 and ordered the defendants removed to the Southern District of Florida. The magistrate continued the previous conditions of bail and ordered the defendants to report for their arraignment in the Southern District.

On August 6, 1985, counsel for the defendants appeared in the federal district court for the Southern District of Florida, and informed the district judge that the defendants waived appearance at their arraignment. The defendants had executed written waivers of presence at arraignment and authorizations of not guilty pleas. After continuing the case until September 3, the district court, over the objection of counsel for the government, accepted the pleas and the waiver of presence.

The action of the district court is directly contrary to Rule 43(a):

The defendant *shall be present at the arraignment*, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise required by this rule.

The rule's language is clear; the rule does not establish the right of a defendant to be present, but rather affirmatively requires

presence. None of the exceptions set forth in the rule[1] apply here. That the rule establishes a requirement rather than a right of the defendant is confirmed by one of the exceptions:

> In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence.

Fed.R.Crim.P. 43(c)(2). This narrowly drawn exception to the requirement that the defendant be present refutes the defendants' argument that the rule is intended to codify a right to be present.

The plain language of the rule is sufficient to determine the question. We also note, however, that strong reasons support the requirement that the defendant be present at arraignment. Without the presence of the defendant, the court cannot know with certainty that the defendant has been apprised of the proceedings. Indeed, without the defendant's presence, an arraignment would be pointless. *See* Fed.R. Crim.P. 10 (arraignment consists of reading the indictment to defendant and calling on defendant to plead).

The Second Circuit has recognized a narrow discretion in the district court to allow the defendant to absent himself from criminal proceedings. *In re United States*, 597 F.2d 27 (2d Cir.1979). The Second Circuit stated that:

> Normally a judge can and should compel a defendant to be present at all stages of a felony trial pursuant to Rule 43(a). We think, however, that there is a residue of judicial discretion in unusual circumstances where good cause is shown such as physical endangerment of the defendant to permit temporary absence.

597 F.2d at 28. *See also United States v. Meinster*, 481 F.Supp. 1112 (S.D.Fla.1979) (district court refused to accept waivers of presence during portion of long conspiracy trial where reasons not compelling). Here, the defendants have not presented any good cause for absenting themselves from arraignment. Therefore, we need not discuss the scope of any discretion in the district court to allow defendants to be absent, or whether the discretion applies to arraignment as well as trial.

We do not question that the defendants' desire to postpone appearing in the Southern District of Florida is genuine. On May 9, 1985, the defendants were charged with conspiracy to commit murder and attempted murder by state authorities in Florida. The defendants were arrested in New Jersey on those charges, and released on bail. The Dade County State's Attorney's Office has filed for extradition, and the defendants are resisting. The State's Attorney candidly informed the district court that the defendants would be arrested upon appearance in Florida.

The district court held that requiring the defendants to appear for arraignment would result in the loss of the right to challenge extradition. Extradition of these defendants would occur if the New Jersey state authorities agreed to the demand of the Florida state authorities and delivered the defendants to the Florida authorities. U.S. Const. Article IV, § 2, cl. 2. Such occurrence is not involved here; the defendants are not being required to travel to Florida to face the state charges, but the federal charges. Indeed, even if the State's Attorney's extradition request were denied, the defendants would still have to appear in Florida for trial on the federal

---

1. Rule 43 sets out the following exceptions:

    (c) Presence Not Required. A defendant need not be present in the following situations:

    (1) A corporation may appear by counsel for all purposes.

    (2) In prosecutions for offenses punishable by fine or by imprisonment for not more than one year or both, the court, with the written consent of the defendant, may permit arraignment, plea, trial, and imposition of sentence in the defendant's absence.

    (3) At a conference or argument upon a question of law.

    (4) At a reduction of sentence under Rule 35.

charges. Because the defendants have no protected interest in avoiding proper arrest by state authorities while in Florida, there was no reason for the district court to exercise any discretion to allow the defendants to miss their arraignment.

For the above reasons, the district court erred in allowing the defendants to waive presence at arraignment and in accepting their not guilty pleas in their absence.[2] Accordingly, the district court must arraign the defendants in their presence without delay. The clerk is directed to issue the mandate forthwith.

---

2. On January 27, 1986, in a brief order, opinion to follow, this court granted the government's petition for mandamus, vacated the district court's order of October 22, 1985 accepting the defendants' waiver of presence at arraignment, and ordered the district court not to arraign the defendants in their absence.