**UNITED STATES of America, Plaintiff,**

**v.**

**Richard MELGOZA, Joshua Garcia, Defendants.**

**No. CR–3–01–111(1–2).**

United States District Court, S.D. Ohio, Western Division.

Jan. 21, 2003.

Stanton Bloom, Tucson, AZ, Lawrence Joseph Greger, Greger and Ovington, Dayton, OH, Rafael Gallego, Tuscon, AZ, for defendants.

Sheila Gay Lafferty, Dayton, OH, for Plaintiff.

## ENTRY DECLINING TO PERMIT DEFENDANTS TO ENTER GUILTY PLEAS BY VIDEO CONFERENCE

RICE, Chief Judge.

Defendants Richard Melgoza and Joshua Garcia have requested that they be permitted to enter guilty pleas in a manner by which they would participate from Arizona by video conference, rather than appearing in person before the Court, in Dayton, Ohio. While the Court is of the opinion that these Defendants have presented valid reasons for wanting or needing to avoid the necessity of traveling to Dayton to enter their guilty pleas at this time, it will decline to permit them to do so, because, in this Court's opinion, the Federal Rules of Criminal Procedure, as uniformly interpreted by the Courts of Appeals, do not allow the entry of such pleas by video conference.

Rule 43(a) of the Federal Rules of Criminal Procedure, which governs the presence of a defendant at various stages of his prosecution, provides:

(a) *When Required.* Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at: (1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing.

Rule 5 of the Federal Rules of Criminal Procedure governs initial appearances, while Rule 10 of those Rules applies to arraignments.[1] Those Rules were amended, effective December 1, 2002, to permit initial appearances and arraignments to be conducted by video conference, if the defendant consents. *See* Fed.R.Crim.P. 5(f); Fed.R.Crim.P. 10(c). Notably, Rule 11, which governs the taking of guilty pleas, was not amended at the same time, in order to permit a defendant to agree to enter a guilty plea by video conference.

In addition, the Courts of Appeals have uniformly held that a defendant's participation by video conference is not the same as his presence, as required by Rule 43. For instance, in *United States v. Torres–Palma,* 290 F.3d 1244 (10th Cir.2002); *United States v. Lawrence,* 248 F.3d 300 (4th Cir.2001); and *United States v. Navarro,* 169 F.3d 228 (5th Cir.1999), the Courts of Appeals reversed and remanded sentences imposed upon the defendants by video conference, concluding that such a procedure violated Rule 43. In *Valenzuela–Gonzalez v. United States Dist. Court for Dist. of Ariz.,* 915 F.2d 1276 (9th Cir. 1990), the Ninth Circuit granted the defendant's request for a writ of mandamus, directing the District Court to vacate its order that the defendant's arraignment occur by video conference. In *In re United States,* 784 F.2d 1062 (11th Cir.1986), the Eleventh Circuit granted the writ of mandamus requested by the United States, ordering the District Court to vacate its order permitting the defendants to waive their presence at their arraignment. The Eleventh Circuit concluded that Rule 43 does more than establish a defendant's right to be present; it sets a requirement. *Id.* at 1063.

In truth, this Court has, on one occasion, permitted a Defendant to enter a plea of guilty, by video conference, upon his consent. In that situation, the Defendant's physical condition, as confirmed by his treating physicians, was such that he not only could not travel to Ohio from his home in Atlanta, but that he would never be able to do so. Putting aside the fact that venue for his offense was in Dayton,

---

1. The exceptions set forth in Rule 43 do not permit the entry of a guilty plea by video conference.

the Defendant arguably could have waived same and consented to enter his plea in the Northern District of Georgia at Atlanta, had he wished to do so. For reasons known only to him, he chose to consent to entering a plea by video conference before this Court, rather than consenting to have his prosecution proceed in Georgia. The Government, faced with the fact that it could not compel consent to have the proceeding go forth in Georgia and, further, that it could not urge the Court to order the Defendant to appear in Dayton, given his physical condition, raised no objection to the taking of a plea by video conference.

In this case, while the reasons of the Defendants are compelling, they raise no *permanent* obstacle to their eventually appearing before this Court. For example, counsel for the Defendant Melgoza has recently undergone surgery, has experienced complications and is not permitted, at this time, to travel outside the state of Arizona, while Defendant Garcia recently had an emergency appendectomy and is not permitted to travel, for a period of some weeks. While the Court certainly understands these reasons, and will not force a Defendant or his counsel to travel against his doctors' orders, the conditions causing the Defendants to request the right to enter a plea of guilty by video conference are such as will be obviated within a relatively short period of time.

In light of these facts, the above authority and the language of Rule 43, the Court concludes that it is without authority to permit these Defendants to enter their guilty pleas by way of video conference. Accordingly, the Court declines to permit them to enter guilty pleas in that manner.