**UNITED STATES of America**

v.

**Lorna Faye WRIGHT.**

**Criminal Case No. 2:03cr262–T.**

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 2, 2004.

Kent B. Brunson, U.S. Attorney's Office, Montgomery, AL, for Plaintiff.

### ORDER

MYRON H. THOMPSON, District Judge.

Defendant Lorna Faye Wright has pled guilty to violations of 18 U.S.C. § 922(g)(1) (unlawful possession of a firearm), 21 U.S.C. § 841(a)(1) (knowing and intentional distribution of a controlled substance), and 18 U.S.C. § 924(c)(1)(A)(i) (drug trafficking). This case is now before the court on her motions to hold her sentencing by 'video conferencing.' For reasons that follow, the motions will be denied.

Fed.R.Crim.P. 32(i)(4)(A), which codifies the important common-law tradition of allocution, requires that, "Before imposing sentence, the court must ... address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Because of, among other things, Rule 32(i)(4)(A)'s allocution requirement, Fed. R.Crim.P. 43(a) provides that "the defendant must be present at ... sentencing."

■ Several appellate courts have held that the term "present" means physical presence in the same location as the judge (that is, a defendant must be physically in the courtroom) and that, as a result, video-conferencing does not satisfy Rule 43's requirement of presence. *See, e.g., United States v. Torres–Palma*, 290 F.3d 1244, 1248 (10th Cir.2002); *United States v. Lawrence*, 248 F.3d 300, 303–04 (4th Cir. 2001); *United States v. Navarro*, 169 F.3d 228, 235–39 (5th Cir.1999). Thus, Rule 43's presence requirement cannot be dispensed with simply because "video conferencing is widely used, ... is beneficial because it increases productivity by reducing travel time, and ... is less costly and more safe than transporting prisoners." *Id.* at 235.

■ An exception is provided if "the defendant waives the right to be present."

Fed.R.Crim.P. 43(c)(2). However, this right to waive is not absolute. The Eleventh Circuit Court of Appeals rejected a defendants' waiver of their presence at arraignment where they had failed to show "any good cause." *In re United States*, 784 F.2d 1062, 1063 (11th Cir.1986) (defendants lacked "good cause" where their requested absence from arraignment in federal court in Florida was based on their desire to avoid arrest by Florida state authorities). There is no reason to assume that a defendant's presence at sentencing is any less crucial than her presence at arraignment; indeed, because of Rule 32's allocution requirement, it could be argued that presence is more crucial at sentencing. In any event, "good cause" must be shown when a defendant seeks to waive her presence at sentencing.

██ In the instant case, it is undisputed that the defendant Wright suffers from a variety of medical ailments, ranging from diabetes to congenital heart failure to asthma. Her medical summary from the Carswell Federal Medical Center concluded that:

> "[Wright] is medically capable to stand trial but will require supplemental oxygen at night and to continue her medications as prescribed. She will require direct travel back to Court for sentencing and housing in a facility capable of providing supplemental oxygen at night and routine access to twenty-four hour a day medical care. Additionally, she will require additional evaluation and treatment of her medical illnesses and should be returned to FMC Carswell, via direct travel within 72 hours after sentencing."

Defendant's unopposed motion to request sentencing be held by video conference (doc. no. 49), exhibit.

██ While danger to one's medical health would clearly constitute "good cause" justifying a defendant's absence from sentencing, *In re United States*, 784

F.2d at 1063, Wright has failed to provide any evidence that the conditions surrounding her sentencing would endanger her medical health. In particular, Wright's own evidence indicates that the facilities available in Montgomery, Alabama are adequate to provide for her needs and that she can be transported to and from sentencing within the medically required 72–hour time frame.

Therefore, as required by both the letter and spirit of Rules 32 and 43, court and Wright will be able to "eyeball" each other when the court pronounces its sentence on Wright.

It is, accordingly, ORDERED that defendant Lorna Faye Wright's motions for sentencing by video conference (doc. nos. 49 & 55) are denied.

Done this the 2nd day of November, 2004.