In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 17-3468

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GREGORY BETHEA,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:17-cr-008 — **James D. Peterson**, *Chief Judge.*

_____

ARGUED MARCH 29, 2018 — DECIDED APRIL 26, 2018

_____

Before BAUER, FLAUM, and MANION, *Circuit Judges.*

FLAUM, *Circuit Judge.* Defendant-appellant Gregory Bethea
pleaded guilty to possessing a counterfeit access device in vi-
olation of 18 U.S.C. § 1029(a)(1). Due to serious health issues,
Bethea appeared via videoconference at his combined guilty
plea and sentencing hearing where he was sentenced to
twenty-one months' imprisonment. He now argues his sen-
tence should be vacated because Federal Rule of Criminal
Procedure 43(a) required him to be physically present during

his plea. We agree, and thus reverse and remand for further proceedings.

## I. Background

In 2014, Bethea used fraudulently obtained credit cards to purchase merchandise at retailers in Wisconsin. A grand jury subsequently indicted him for possessing a counterfeit access device in violation of 18 U.S.C. § 1029(a)(1). Bethea agreed to plead guilty in May 2017.

On December 1, 2017, the district judge conducted a combined guilty plea and sentencing hearing. The judge presided from his Madison, Wisconsin courtroom, while Bethea appeared via videoconference from Milwaukee because of his health issues and limited mobility.[1] After conducting a plea colloquy, the judge accepted Bethea's guilty plea and moved to sentencing. Although the judge acknowledged Bethea's health as a complicating factor in imposing a sentence, he remained bothered that Bethea's illegal conduct allegedly continued well after his health issues supposedly worsened. Ultimately, the judge sentenced Bethea to twenty-one months' imprisonment, which fell at the bottom of the Guidelines range of twenty-one to twenty-seven months. Bethea timely appealed, arguing that the district court was not permitted to accept Bethea's guilty plea via videoconference.

---

[1] Specifically, Bethea requires dialysis for ten hours a day, five days a week; suffers from pulmonary issues; recently had a heart stent implemented; is wheelchair-bound; and suffers from Charcot joint syndrome, which makes him highly susceptible to fractures and dislocations from even minor physical contact.

## II. Discussion

We review legal questions, such as whether the use of videoconferencing at a sentencing hearing violates the Federal Rules of Criminal Procedure, de novo. *See United States v. Thompson*, 599 F.3d 595, 597 (7th Cir. 2010). Bethea argues that his combined guilty plea and sentencing via videoconference violated Federal Rule of Criminal Procedure 43(a) because he was not physically present in the courtroom during his plea. He argues this was an unwaivable obligation, and the court's failure to adhere to the requirement constitutes per se reversible error. Thus, he maintains that even if he consented to the form of proceeding, we must still vacate his plea and sentence.

Rule 43 of the Federal Rules of Criminal Procedure governs the circumstances under which a criminal defendant must be present in the courtroom. The Rule states that "the defendant must be present at … the initial appearance, the initial arraignment, *and the plea*." Fed. R. Crim. P. 43(a) (emphasis added). The presence requirement is couched in mandatory language—"the defendant *must* be present." *Id.* (emphasis added); *see also In re United States*, 784 F.2d 1062, 1062–63 (11th Cir. 1986) ("The rule's language is clear; the rule does not establish the right of a defendant to be present, but rather affirmatively *requires* presence." (emphasis added))[2].

True, the Rule's presence requirement does contain several exceptions and waiver provisions. *See* Fed. R. Crim. P. 43(b), (c). These exceptions include, for example, when a proceeding involves the correction or reduction of a sentence, *see* Fed. R.

---

[2] Earlier cases quote a prior version of the Rule which used the language "shall be present." The Rule was amended in 2002 to read "must be present." That change is immaterial to our analysis.

Crim. P. 43(b)(4), or when the defendant is voluntarily absent during sentencing in a noncapital case after initially attending the trial or plea, *see* Fed. R. Crim. P. 43(c)(1)(B). But none of these exceptions apply to the situation before us and are generally limited to the sentencing context.[3] Moreover, Rule 43 was amended in 2011 to permit videoconference pleas for *misdemeanor* offenses. *See* Fed. R. Crim. P. 43(b)(2) (stating that when the offense "is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits … plea … to occur by video teleconferencing or in the defendant's absence"). That the drafters did not include that option in the felony plea situation is telling.[4]

No other circuit has addressed whether a defendant can affirmatively consent to a plea by videoconferencing.[5] However, four circuits have addressed whether a district court can

---

[3] For instance, a defendant can waive his absence at sentencing, but he must have been initially present either at the plea or the start of trial. *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 771 (7th Cir. 2011) ("[T]he language of Rule 43 does not provide for waiver of the right to be present unless a defendant is 'initially present at trial.'") (quoting Fed. R. Crim. P. 43(c)(1)).

[4] Likewise, Federal Rules of Criminal Procedure 5 and 10 were amended in 2002 to permit initial appearances and arraignments to be conducted by videoconference if the defendant consents. Rule 11, however, which governs the taking of guilty pleas, was not amended to permit a defendant to agree to enter a guilty plea by videoconference.

[5] Several district courts have addressed this precise issue and held that a defendant *cannot* consent to video conferencing during a plea, even for medical or financial hardship reasons. *See, e.g.*, *United States v. Brunner*, No. 14-CR-189, 2016 WL 6110457 (E.D. Wis. Sept. 23, 2016); *United States v. Klos*, No. CR–11–233, 2013 WL 2237543 (D. Ariz. May 20, 2013); *United States v. Thomas*, No. CR 06–40079, 2007 WL 1521531 (D.S.D. May 21, 2007);

require it. All have held that Rule 43 obligates both the defendant and the judge to be physically present; the outcome is the same whether it is the judge or defendant who appeared via videoconference. *See United States v. Williams*, 641 F.3d 758, 764 (6th Cir. 2011) ("The text of Rule 43 does not allow video conferencing" and the "structure of the Rule does not support it"); *United States v. Torres-Palma,* 290 F.3d 1244, 1246–48 (10th Cir. 2002) ("[V]ideo conferencing for sentencing is not within the scope of a district court's discretion."); *United States v. Lawrence*, 248 F.3d 300, 303–05 (4th Cir. 2001); *United States v. Navarro*, 169 F.3d 228, 238–39 (5th Cir. 1999). We agree with our sister circuits' reasoning and extend it one step further. We thus hold that the plain language of Rule 43 requires all parties to be present for a defendant's plea and that a defendant cannot consent to a plea via videoconference.[6]

Our decision is supported by the unique benefits of physical presence. As the Sixth Circuit explained, "[b]eing physically present in the same room with another has certain intangible and difficult to articulate effects that are wholly absent when communicating by video conference." *Williams*, 641 F.3d at 764–65. Likewise, the Fourth Circuit reasoned that "virtual reality is rarely a substitute for actual presence and that, even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it." *Lawrence*, 248 F.3d at 304.

---

*United States v. Jones*, 410 F. Supp. 2d 1026 (D.N.M. 2005); *United States v. Melgoza*, 248 F. Supp. 2d 691 (S.D. Ohio 2003).

[6] Since we find Bethea's presence at a plea an unwaivable requirement, we need not address the government's contention that Bethea invited the error here or forfeited the claim.

This Court has also recognized the value of the defendant and judge both being physically present. In the context of revocation of supervised release via videoconferencing, we noted that "[t]he judge's absence from the courtroom materially changes the character of the proceeding." *Thompson*, 599 F.3d at 601. The same is true if the defendant is the person missing. "The important point is that the form and substantive quality of the hearing is altered when a key participant is absent from the hearing room, even if he is participating by virtue of a cable or satellite link." *Id.* at 600. A "face-to-face meeting between the defendant and the judge permits the judge to experience 'those impressions gleaned through … any personal confrontation in which one attempts to assess the credibility or to evaluate the true moral fiber of another.'" *Id.* at 599 (alteration in original) (quoting *Del Piano v. United States*, 575 F.2d 1066, 1069 (3d Cir. 1978)). "Without this personal interaction between the judge and the defendant—which videoconferencing cannot fully replicate—the force of the other rights guaranteed" by Rule 43 is diminished. *See id.* at 600. Thus, while it might be convenient for a defendant or the judge to appear via videoconference, we conclude the district court has no discretion to conduct a guilty plea hearing by videoconference, even with the defendant's permission.

In so holding, we agree with the Tenth Circuit that a Rule 43(a) violation constitutes *per se* error. *Torres-Palma*, 290 F.3d at 1248; *see also Lawrence*, 248 F.3d at 305 (automatically reversing for Rule 43 error); *Navarro*, 169 F.3d at 238–39 (same). "Rule 43 vindicates a central principle of the criminal justice system, violation of which is *per se* prejudicial. In that light, presence or absence of prejudice is not a factor in judging the violation." *Torres-Palma*, 290 F.3d at 1248.

The government's reliance on our statement in *United States v. Benabe*, that "[w]e see no reason to expand the limited list of structural rights whose violation constitutes per se error by adding the defendants' Rule 43 right to be present at the inception of trial," 654 F.3d 753, 774 (7th Cir. 2011), is misplaced. First, in *Benabe*, the district court dealt with Rule 43(c), which unlike Rule 43(a), *does* permit waiver of presence in limited circumstances. *See* Fed. R. Crim. P. 43(c). Second, in declining to require automatic reversal, we stressed "[i]t is important … to remember the precise error in question." *Id.* at 773. In *Benabe*, the court's error "was only the precise timing of the exclusion order." *Id.* As such, we held "[t]he timing of the trial court's decision to remove the defendants from the courtroom, although a technical violation of Rule 43, was harmless." *Id.* at 774. Here, the precise error was more than the mere timing of an order; indeed, the defendant was *never* present. As such, *Benabe* is unhelpful.

We are sympathetic to the government's concerns that a defendant on appeal can complain of an accommodation that was for his benefit below. We also agree with various courts that have stated it would be sensible for Rule 43 to allow discretion in instances where a defendant faces significant health problems. *See, e.g.*, *United States v. Brunner*, No. 14-cr-189, 2016 WL 6110457, at *3 (E.D. Wis. Sept. 23, 2016). However, Rule 43(a) simply does not allow a defendant to enter a plea by videoconference. *See Lawrence*, 248 F.3d at 305 ("[T]he rule should indeed provide some flexibility. But it does not. We cannot travel where the rule does not go."). Accordingly, we remand

to the district court for the plea and resentencing of Bethea in the physical presence of a judge.[7]

### III. Conclusion

For the foregoing reasons, we VACATE the judgment of the district court and REMAND in accordance with this opinion.

---

[7] Given that result, we need not address Bethea's claim that the district court erred in addressing Bethea's health issues at the sentencing hearing.