In the

# United States Court of Appeals
## for the Seventh Circuit

_____

No. 20-2385

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

COLIN H. COFFIN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin
No. 20-CR-6 — **William C. Griesbach**, *Judge.*

_____

ARGUED JANUARY 21, 2021 — DECIDED JANUARY 21, 2022

_____

Before SYKES, *Chief Judge*, and MANION and ST. EVE,
*Circuit Judges.*

SYKES, *Chief Judge*. A felony defendant normally must be
present in the courtroom at sentencing. FED. R. CRIM.
P. 43(a)(3). In response to the COVID-19 pandemic, Congress
enacted legislation permitting district courts to conduct
felony plea and sentencing proceedings by videoconference
if certain prerequisites are met. Coronavirus Aid, Relief, and
Economic Security Act ("CARES Act"), Pub. L. No. 116-136,

134 Stat. 281, § 15002(b)(2) (2020). As relevant here, a district judge may conduct a sentencing hearing by videoconference if the defendant consents, *id.* § 15002(b)(4), and the judge finds "for specific reasons" that the sentencing "cannot be further delayed without serious harm to the interests of justice," § 15002(b)(2)(A).

In March 2020, just before the CARES Act was adopted, Colin Coffin pleaded guilty to two counts of unlawfully possessing a firearm as a felon. Sentencing was postponed several times, and Coffin eventually consented to a sentencing hearing by videoconference under the terms of the Act. The district judge confirmed Coffin's consent on the record and found that further delay would seriously harm the interests of justice, noting several reasons why that was so. The judge then asked if there were any objections to his findings. Coffin's attorney said, "No, thank you." Sentencing proceeded, and the judge imposed 60-month concurrent sentences.

Coffin now contests the judge's CARES Act findings, but his challenge comes far too late. He expressly consented to the videoconference sentencing and confirmed that he had no objection to the judge's findings under the Act. That's a waiver, so we affirm.

## I. Background

On March 18, 2020, Coffin pleaded guilty in the Eastern District of Wisconsin to two counts of possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). He was detained pending sentencing. The following week Congress adopted the CARES Act, one of several large relief measures in response

to the COVID-19 pandemic. The president signed the Act on March 27.

As relevant here, the CARES Act authorizes a district court to conduct a felony sentencing hearing by videoconference if four conditions are met: (1) the Judicial Conference of the United States "finds that emergency conditions … with respect to [COVID-19] will materially affect the functioning of either the Federal courts generally or a particular district court," § 15002(b)(2)(A); (2) the chief district judge finds that felony sentencing hearings "cannot be conducted in person without seriously jeopardizing public health," *id.*; (3) "the district judge in a particular case finds for specific reasons that the … sentencing … cannot be further delayed without serious harm to the interests of justice," *id.*; and (4) the defendant consents "after consultation with counsel," § 15002(b)(4).

The Judicial Conference made the requisite findings on March 29, and the chief judge of the Eastern District of Wisconsin suspended in-person proceedings and made the appropriate findings to implement videoconference plea and sentencing hearings.

Coffin's sentencing was initially scheduled for June 15. On April 9 he asked the district judge to lift the federal detainer so that he could serve a short unrelated state sentence in the Fond du Lac County Jail. The judge granted the motion but kept the June 15 sentencing date in place. On May 28 the chief judge issued another order reauthorizing videoconference sentencing hearings while allowing the resumption of in-person sentencings starting on July 1. A few days after this order, Coffin moved to postpone his June 15 sentencing date, noting that he had completed the

state sentence and was now out of custody. The judge granted the motion, resetting Coffin's case for an in-person sentencing hearing on July 20.

Before that hearing took place, however, Coffin was arrested on state drug charges on July 17 and detained at the Winnebago County Jail. That made an in-person sentencing hearing impractical: transporting Coffin to federal court would have posed a health risk to all involved, and he may have had to quarantine for 14 days pursuant to guidance from public-health officials. To avoid these logistical difficulties, Coffin consented to a sentencing hearing by videoconference, and the date was rescheduled to July 22.

Sentencing proceeded as planned on that date, with Coffin participating by videoconference from the county jail. The judge began the hearing by formally asking Coffin if he consented to be sentenced by videoconference. Coffin replied, "Yes, Your Honor." The judge then turned to the required CARES Act findings:

> I'll make the finding that the chief judge has already made the finding as part of a general order that in-person hearings pose serious risk to public health and safety, and … that in this particular case[,] to delay the sentencing would seriously impact the interest[s] of justice.

> It's almost commonplace to say justice delayed is justice denied. I think Mr. Coffin has an interest in moving his case along[,] getting on with his life[,] [and] getting some resolution of the case. To postpone it would require probably indefinite postponement to avoid the risk

of the public safety. … And the more we delay cases, the more they stack up, which ultimately impacts other defendants as well.

So based upon all those concerns and considerations, I'm satisfied that this [videoconference hearing] makes sense rather than have Mr. Coffin be transported here by guards, whose health would be risked, and putting him back in quarantine in the Winnebago County Jail. So with that unless there's objection to those findings, I'm ready to proceed.

The judge then asked the parties if they had any objections to these findings. Coffin's attorney responded, "No, thank you." The prosecutor likewise had no objection. With that, the sentencing hearing moved forward. The judge imposed concurrent sentences of 60 months.

## II. Discussion

Coffin's appeal is limited to a challenge to his appearance at sentencing by videoconference. He concedes that three of the four CARES Act prerequisites for a videoconference sentencing were satisfied: The Judicial Conference and the chief judge made the necessary findings, and there is no question that he validly consented to proceed by videoconference. He argues only that the judge incorrectly found that further delay in sentencing would harm the interests of justice. That error, he contends, requires reversal because Rule 43(a) mandates the defendant's presence in the courtroom at sentencing.

The government responds that Coffin waived this argument by failing to object to the judge's CARES Act findings.

We agree. "Waiver is the intentional relinquishment of a known right." *United States v. Ranjel*, 872 F.3d 815, 821 (7th Cir. 2017). A criminal defendant waives the right to contest the judge's factual findings at sentencing when he expressly "states on the record that he has no objection" to the findings. *United States v. Robinson*, 964 F.3d 632, 640 (7th Cir. 2020); *see also United States v. Flores*, 929 F.3d 443, 449 (7th Cir. 2019) (explaining that the defendant waives appellate challenge to a supervised-release condition when he affirmatively tells the district judge that he has no objection). Waiver "extinguishes any error and precludes appellate review." *United States v. Brodie*, 507 F.3d 527, 530 (7th Cir. 2007).

Here, the judge directly asked Coffin's attorney if he had any objection to his CARES Act findings. Counsel said he did not. That's a textbook waiver. The judge "expressly invited objections" to his factual findings, and Coffin's attorney "expressly declined the invitation." *United States v. Lewis*, 823 F.3d 1075, 1079 (7th Cir. 2016). Appellate review is therefore waived.

Coffin resists the application of the normal rules of waiver by invoking Rule 43(a) and our decision in *United States v. Bethea*, 888 F.3d 864 (7th Cir. 2018). As we've noted, Rule 43(a) provides that the defendant in a felony case "must be present at … the plea … and sentencing." We held in *Bethea* that this language is mandatory and does not permit the district court to conduct a videoconference plea hearing by consent. 888 F.3d at 867. We also held that "a Rule 43(a) violation constitutes *per se* error." *Id.*

But the CARES Act created an exception to the rule that the defendant must be physically present in the courtroom. Section 15002(b) of the Act specifically authorizes plea and

sentencing hearings by videoconference if the defendant consents and the three other statutory prerequisites are met. Coffin now challenges the judge's compliance with one of the CARES Act prerequisites—the requirement of case-specific "interests of justice" findings. That's a claim of CARES Act error—not Rule 43(a) error—and Coffin waived any claim of CARES Act error by expressly declining the opportunity to object to the judge's findings under the Act.

If Coffin had any objections to the judge's CARES Act findings, he could and "should have brought them to the district court's attention rather than waiting until appeal to complain for the first time." *United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016). Because he waived any appellate challenge to those findings, the judgment is AFFIRMED.