21-1970 (L)
*United States v. Torres*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-two.

PRESENT:

> DENNIS JACOBS,
> DENNY CHIN,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                          Nos.  21-1970(Lead),
> > 21-2484(CON)

CHRISTOPHER TORRES

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:   YUANCHUNG LEE, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY.

FOR APPELLEE:   RUSHMI BHASKARAN, Assistant United States Attorney (David Abramowicz, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, *Judge*) entered on August 2, 2021.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

———————

Defendant-appellant Christopher Torres ("Torres") appeals a judgment of conviction entered by the United States District Court for the Southern District of New York (Keenan, *J.*) based on a guilty plea Torres entered during a telephonic proceeding, and further contends that the written sentencing judgment includes a more onerous provision than the orally pronounced sentence. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.    The Telephonic Plea

In late 2019, Torres was arrested and charged with one count of "Distribution and Receipt of Child Pornography" under 18 U.S.C. § 2252A(a)(2)(B), (b)(2) and a second count of "Possession of Child Pornography" under 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  In early 2021, in the midst of the COVID-19 pandemic, Torres and the government reached a plea agreement whereby Torres agreed to plead guilty on the second count.

On March 2, 2021, Torres signed a document entitled "Waiver of Right to Be Present at Criminal Proceeding," which provided:

> I understand I have a right to appear before a judge in a courtroom in the Southern District of New York to enter my plea of guilty and to have my attorney beside me as I do.  I am also aware that the public health emergency created by the COVID-19 pandemic has interfered with travel and restricted access to the federal courthouse.  I have discussed these issues with my attorney.  By signing this document, I wish to advise the court that I willingly give up my right to appear in person before the judge to enter a plea of guilty.
>
> App'x at 31.

On March 9, 2021, Torres entered his guilty plea in a telephonic plea proceeding.  During the proceeding, the court asked Torres, "[Y]ou don't mind doing this over the telephone, do you[?]," to which Torres responded "No." *Id.* at 40.  The court immediately followed up, asking, "In other words, you are

waiving your right to appear in court and have me present, and everybody else present. You are not objecting to that; is that correct?" *Id.* Torres responded that this was correct. *Id.* After a plea colloquy with Torres, the court accepted the plea and set a date for sentencing. *Id.* at 56. Near the end of the proceeding, the court had the following exchange with counsel for the government:

> MS. BHASKARAN: Your Honor . . . [t]here [are] just a couple of things that I think we ought to put on the record, if I may?
>
> THE COURT: Yes.
>
> MS. BHASKARAN: The first is with respect to the CARES Act and our proceeding remotely. The government would be grateful if the Court can confirm that defendant has consented to this proceeding by telephone after consulting with his counsel. In addition, the government would request that the district court make a finding that video teleconferencing is not reasonably available for today and that this plea could not be further delayed without serious harms to the interests of justice.

*Id.* at 56-57. At the court's request, counsel for the government repeated the last request, and Torres confirmed that he understood. The court then said, "So those three things have been stated by the government, they're fine with the Court." *Id.* at 57. The court asked whether the defense had an objection to any of it, and defense counsel responded that she did not. *Id.* at 57-58. The court discussed the telephonic nature of the plea proceeding one last time before hanging up, eliciting Torres's confirmation that he understood he could have

4

demanded that he enter his plea in open court rather than by telephone. *Id*. at 58-59.

Not once during the plea proceeding did Torres or his counsel object to proceeding telephonically. Rather, in addition to signing a written waiver, the court asked Torres four times during the plea proceeding whether he consented to proceeding via telephone, and Torres consented each time.

Torres was physically present for his sentencing on July 21, 2021 and did not object to his conviction at that time. Torres timely appealed the court's judgment of conviction, arguing that the court erred by conducting the Rule 11 proceeding telephonically without making the adequate CARES Act findings.[1]

A.    The CARES Act

With limited exceptions, due process and the Federal Rule of Criminal Procedure 43 require that a defendant be physically present when entering a guilty plea. *See United States v. Rosario*, 111 F.3d 293, 298 (2d Cir. 1997) (recognizing that Rule 43 codifies the defendant's right to be present at all stages of a trial). The CARES Act, however, carved out a narrow statutory exception to

---

[1] Torres later appealed the court's subsequent restitution order. We understand that appeal to rest solely on the grounds underlying his appeal of his conviction. He does not separately challenge any aspect of the restitution order. Accordingly, our affirmance of his conviction also resolves his challenge to the restitution order.

this physical-presence requirement due to the national emergency caused by the COVID-19 pandemic.  *See* CARES Act, § 15002, PL 116-136, March 27, 2020, 134 Stat 281.  That statute allows felony plea and sentencing proceedings to proceed by video teleconference if several conditions are met:

> (1) the Judicial Conference of the United States 'finds that emergency conditions . . . with respect to [COVID-19] will materially affect the functioning of either the Federal courts generally or a particular district court,' § 15002(b)(2)(A); (2) the chief district judge finds that felony sentencing hearings 'cannot be conducted in person without seriously jeopardizing public health,' *id.*; (3) 'the district judge in a particular case finds for specific reasons that the . . . [plea] . . . cannot be further delayed without serious harm to the interests of justice,' *id.*; and (4) the defendant consents 'after consultation with counsel,' § 15002(b)(4).

*United States v. Leroux*, 36 F.4th 115, 120-121 (2d Cir. 2022) (citing *United States v. Coffin*, 23 F.4th 778, 779 (7th Cir. 2022)).  This exception also allows a defendant to enter a guilty plea by telephone if the district court finds the above conditions met and video is not "reasonably available."  CARES Act § 15002(b)(1).

On appeal, Torres argues that the district court failed to find "specific reasons" that the plea cannot be further delayed without serious harm to the interests of justice, as required under the CARES Act.  He reasons that because the district court's interests-of-justice finding was inadequate, the limited statutory exception to Rule 43(a)'s presence requirement did not apply.  He

contends that a violation of the presence requirement of Rule 43(a) is structural error requiring vacatur without regard to the presence or absence of prejudice.

We reject Torres's claim that any insufficiency in the district court's interests-of-justice finding gives rise to a violation of the physical presence requirement of Rule 43(a). The CARES Act created an exception to the physical-presence requirement, and specifically authorizes remote plea and sentencing hearings if the four statutory prerequisites are met.[2] *See* §15002(b). Torres does not assert a wholesale failure to meet the statutory requirements of the CARES Act; instead, he challenges the sufficiency of the court's compliance with one of those requirements. His challenge to the district court's "interests-of-justice" finding is a claim of CARES Act error—not rule 43(a) error.[3] *See Coffin*, 23 F.4th at 781 (finding Coffin's challenge to the interests-of-justice finding a claim of CARES Act error, not Rule 43(a) error).

Moreover, Torres's attempt to distinguish between sentencing and plea waivers does not save his claim. The text of the CARES Act applies to both plea

---

[2] Torres does not challenge the constitutionality of the CARES Act's exception to the in-person requirement, but argues that the district court failed to comply with the Act in his case.

[3] For that reason, we need not consider whether the Rule 43(a) physical presence requirement in the context of a felony guilty plea proceeding is waivable outside of the CARES Act context, nor whether a deprivation of the Rule 43(a) physical presence right constitutes structural error.

allocutions and sentencing without distinction. *See* Coronavirus Aid, Relief, and Economic Security Act, PL 116-136, Mar. 27, 2020, 134 Stat. 281, § 15002 (b) (2) (A) (establishing the same requirements for both "felony pleas under Rule 11 . . . and felony sentencings under Rule 32"). Moreover, we have held that "[t]he CARES Act created a statutory exception to the physical presence requirement under Rule 43 and Rule 53's general ban on videoconferencing of *criminal proceedings*." *Leroux*, 36 F.4th at 120 (emphasis added). We made no distinction between sentencing and plea proceedings in *Leroux*, and we decline to do so today.

B.    Plain Error Review

Because Torres failed to object to the district court's interests-of-justice finding during the plea proceeding, we review his challenge to the sufficiency of the finding for plain error. *See Leroux*, 36 F.4th at 121 ("Because Leroux failed to challenge the District Court's findings at the sentencing hearings or otherwise object to proceeding with his sentencing by videoconference, we review for plain error."); *United States v. Salim*, 690 F.3d 115, 124 (2d Cir. 2012) ("When a criminal defendant does not preserve an issue below by objecting, we apply a plain error standard instead of a harmless error one.").

8

"Plain error is (1) error (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Riggi*, 541 F.3d 94, 102 (2d Cir. 2008). Torres has not established that any error in the district court's interests-of-justice finding affected his rights or seriously affected the fairness, integrity, or public reputation of judicial proceedings. Torres has not alleged that he suffered any prejudice as a result of the telephonic proceeding. He does not contend that he could not hear or be heard, nor that the telephonic procedure undermined the knowing and voluntary character of his plea. He has not claimed that but for the telephonic proceeding, he would not have pled guilty. Even assuming that the district court's findings were inadequate, Torres has failed to establish plain error.

## II.    Claimed Sentencing Discrepancy

Torres also asks this Court to correct the written judgment to conform to the court's oral pronouncement of a condition of supervised release. In pronouncing Torres's sentence, the district court stated as follows:

> At the expiration of the period of incarceration, the defendant is to serve a period of five years' supervised release under the mandatory conditions and the standard conditions set forth at pages 34 and 35

of the probation report.[4]  *Particularly, I want to emphasize that he's not to have any contact with any child under the age of 15 years unless that's approved by probation*, and he's not to loiter within 100 feet of places regularly frequented by children under the age of 18, such as schoolyards, playgrounds, or any other kind of arcade.

Also, during the five years, I'm fixing the special conditions that are set at page 36 of the probation report.

App'x at 87–88 (emphasis added).  In contrast to the italicized oral statement, the written judgment states:  "The defendant must not have deliberate contact with any child under . . . 18 years of age, unless approved by the U.S. Probation Office."  App'x at 100.

It is well settled that when a variation between the unambiguous oral pronouncement of a sentence and the written judgment of conviction exists, the oral pronouncement controls.  *See United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974) ("[W]here there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, . . . the oral pronouncement . . . must control.").  However, we have given effect to written judgments that merely clarify the conditions pronounced orally.  *See, e.g., United States v. Asuncion-Pimental*, 290 F.3d 91, 95 (2d Cir. 2002); *see also, United States v. Villano*, 816 F.2d 1448, 1452 (10th Cir. 1987) ("[T]he true function of the

---

[4] The court was referencing the Presentence Investigation Report.

written document is to help clarify an ambiguous oral sentence by providing evidence of what was stated.").

Here, the court's oral pronouncement was inherently ambiguous. On the one hand, the court emphasized that defendant should not have unapproved contact with any child under the age of *15*. App'x at 87–88. On the other, the court also told Torres that he was prohibited from loitering in places "regularly frequented by children under the age of *18*." *Id*. at 88. Then the court *expressly* incorporated by reference the special conditions of probation set forth on page 36 of Torres's probation report—conditions that include the requirement that Torres have no contact with any child under the age of *18*. *See* Presentence Investigation Report (sealed) at 36.[5]

In the face of this ambiguity, the court's written judgment did not conflict with its oral pronouncement, and instead served to clarify the sentence.

\* \* \*

---

[5] There is no dispute that Torres had notice of this proposed condition.

We have considered Torres's remaining arguments and conclude that they are without merit.  Therefore, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court