**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4008**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MIQUAN LIMIK SMITH, a/k/a Mike Smith, a/k/a Limik Smith,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:13-cr-00044-RLV-DSC-2)

Submitted: July 30, 2015                 Decided: January 14, 2016

Before DUNCAN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miquan Limik Smith appeals his convictions for conspiring to commit an offense against the United States by committing burglaries and stealing firearms, in violation of 18 U.S.C. § 371 (2012) (Count 1), aiding and abetting the receipt and possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2012) (Count 2), and unlawfully possessing one or more firearms while a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 3).  On appeal, Smith argues that (1) the district court abused its discretion by admitting hearsay testimony, (2) the evidence was insufficient to sustain his convictions, and (3) the Government violated his due process rights by failing to call his coconspirator to testify.  We affirm.

First, we review the district court's hearsay ruling for abuse of discretion.  United States v. Gonzales-Flores, 701 F.3d 112, 117 (4th Cir. 2012).  "Hearsay" is any statement that the declarant does not make at the instant trial that "a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  Hearsay is inadmissible except as otherwise provided by federal rule or statute.  Fed. R. Evid. 802.

Here, we conclude that any error in the admission of the challenged testimony was harmless because "it appears 'beyond a

2

reasonable doubt that the error complained of did not contribute to the verdict obtained.'" See United States v. Lovern, 293 F.3d 695, 701 (4th Cir. 2002) (quoting Neder v. United States, 527 U.S. 1, 15 (1999)). The complained-of statement was offered to prove that Smith was a passenger in a car connected with one of the burglaries. But even without the testimony, the evidence was more than sufficient to sustain Smith's connection with that burglary, his coconspirator, and the stolen firearms. Therefore, this claim entitles Smith to no relief.

Nor do we find merit in Smith's contention that the complained-of statement violates his rights under the Confrontation Clause. The Confrontation Clause's reach is limited to testimonial statements. Crawford v. Washington, 541 U.S. 36, 68 (2004). Here, the challenged statement was nontestimonial as it was obtained not to learn about past events, but to apprehend a fleeing suspect. See Davis v. Washington, 547 U.S. 813, 822 (2006) (explaining that statements are "nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency"). Thus, the Confrontation Clause is inapplicable.

We next review de novo the district court's denial of Smith's Fed. R. Crim. P. 29 motion for judgment of acquittal.

3

United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006).  We will affirm if, when the evidence is viewed in the light most favorable to the Government, "the conviction is supported by substantial evidence."  United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Green, 599 F.3d 360, 367 (4th Cir. 2015) (internal quotation marks omitted).  A defendant challenging evidentiary sufficiency "faces a heavy burden."  United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).  Reversal of a conviction on these grounds is limited to "cases where the prosecution's failure is clear."  Id. at 244-45 (internal quotation marks omitted).

To obtain a conviction under Count 1, the Government had to show that Smith engaged in a conspiracy to violate 18 U.S.C. § 922(j), which requires an agreement between Smith and his coconspirator, Johnson, to receive and possess stolen firearms, and an overt act in furtherance of that conspiracy.  United States v. Cone, 714 F.3d 197, 213 (4th Cir. 2013).  Notably, the agreement may be inferred from circumstantial evidence.  Cone, 714 F.3d at 213.  Under Count 2, the Government had to demonstrate that Smith aided and abetted Johnson in violating

4

§ 922(j).   Accordingly, to sustain Smith's convictions under both counts, a reasonable juror must be able to conclude that Smith conspired, and aided and abetted Johnson, to knowingly possess stolen guns that had been shipped in interstate commerce.   See United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (en banc).

Under Count 3, the Government had to show that Smith knowingly possessed a firearm, as Smith does not contest his convicted-felon status.   To prove possession, the Government need only demonstrate that Smith's "possession was constructive, meaning that he exercised, or had the power to exercise, dominion and control over the firearm."   United States v. Wilson, 484 F.3d 267, 282 (4th Cir. 2007) (internal quotation marks omitted).

Viewing the evidence in the light most favorable to the Government, we conclude that a reasonable juror could make a number of inferences critical to sustaining Smith's conviction: (1) Smith was present at the final burglary; (2) Smith threw a duffel bag out of the car window as police pursued the car; and (3) Smith knew that the bag contained stolen guns, which were instantly recognizable by their distinct weight and shape.

Given these inferences, the jury could conclude, beyond a reasonable doubt, that Smith conspired to possess a stolen gun, and aided and abetted Johnson in possessing a stolen gun.   That

5

Smith fled from Johnson's car makes the jury's interpretation of the evidence all the more reasonable: "It cannot be doubted that in appropriate circumstances, a consciousness of guilt may be deduced from evidence of flight and that a jury's finding of guilt may be supported by consciousness of guilt." United States v. Obi, 239 F.3d 662, 665 (4th Cir. 2001). Thus, we hold that the evidence was sufficient to sustain the district court's judgment.

We conclude by reviewing Smith's due process claims, which were not raised at trial, for plain error. United States v. Promise, 255 F.3d 150, 153 (4th Cir. 2001) (en banc). To satisfy this standard of review, Smith must demonstrate that an error (1) occurred, (2) was plain, and (3) affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even then, we may exercise our discretion to correct such errors only if they "seriously affect the fairness, integrity, or public reputation of judicial proceedings." Id.

Smith essentially claims that the Government engaged in prosecutorial misconduct by refusing to call Johnson to testify. To show prosecutorial misconduct, Smith must demonstrate "(1) that the prosecutors engaged in improper conduct, and (2) that such conduct prejudiced the defendant's substantial rights so as to deny him a fair trial." United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005).

6

We find no evidence of prosecutorial misconduct on this record. The Government had the right to call whomever they pleased, as did Smith. Neither elected to call Johnson. In short, we see no basis for reversal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED