**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4417**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM MAURICE SADDLER,

Defendant - Appellant.

**No. 18-4891**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM MAURICE SADDLER,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:16-cr-00251-FL-1)

Submitted:  August 30, 2019                        Decided:  October 10, 2019

Before WILKINSON, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, F. Murphy Averitt III, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a four-day trial, a jury convicted William Maurice Saddler of conspiracy to commit sex trafficking of a minor in violation of 18 U.S.C. § 1594(c) (2012), and sex trafficking of a minor by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1). (2012). The district court sentenced Saddler to 480 months in prison and ordered Saddler to pay restitution to the minor victim in the amount of $477,618.20.[*] Saddler timely appealed.

Saddler first contends that the district court erred in permitting the Government to produce redacted versions of portions of the minor victim's medical and substance abuse treatment records. He asserts that the district court should have ordered the Government to produce the records in their unredacted entirety. He argues that if his expert witness had been able to view the entirety of the unredacted records, the district court might have permitted her to testify.

Prior to trial, at Saddler's request, a magistrate judge conducted an in camera review of approximately 2,200 pages of the minor victim's medical and substance abuse treatment records. The magistrate judge ordered the Government to produce some of the records in a redacted form to provide Saddler possible impeachment information. The magistrate judge granted in part and denied in part the Government's motion for a protective order.

---

[*] Of this amount, Saddler was jointly and severally liable with three of his co-conspirators for $190,000.

3

We review a district court's discovery decisions – such as the entry of a protective order – for abuse of discretion. *United States v. Gonzales-Flores*, 701 F.3d 112, 117 (4th Cir. 2012). We review legal questions de novo and the application of facts for clear error. *United States v. Parker*, 790 F.3d 550, 558 (4th Cir. 2015). To the extent that Saddler challenges the exclusion of his expert, this court reviews such a decision for abuse of discretion. *United States v. Landersman*, 886 F.3d 393, 411 (4th Cir. 2018).

Having reviewed the record, we conclude that the magistrate judge did not abuse his discretion in limiting disclosure of the minor victim's records, and the district court did not abuse its discretion in excluding the expert witness. The expert witness' answers during voir dire made clear that she expected to testify about the minor victim's diagnoses and the influence of those diagnoses on her ability to tell the truth. Accordingly, the expert would have been testifying about the victim's credibility. "The district court must exclude expert testimony related to matters which are obviously . . . within the common knowledge of jurors. Thus, absent unusual circumstances, the district court must exclude expert testimony on issues of witness credibility." *United States v. Fuertes*, 805 F.3d 485, 495 (4th Cir. 2015) (citation and internal quotation marks omitted). Moreover, Saddler does not direct our attention to any document listed in the privilege log that he contends should have been unredacted, nor does he specifically argue how the unredacted records would have altered the expert's proposed testimony. Furthermore, Saddler's counsel cross-examined the minor victim about her mental health and substance abuse history. Accordingly, we perceive no error concerning the records or the exclusion of Saddler's expert witness.

4

Saddler next argues that the district court erred in applying a five-level enhancement for engaging "in a pattern of activity involving prohibited sexual conduct." U.S. Sentencing Guidelines Manual § 4B1.5(b) (2016). We review criminal sentences "for reasonableness using an abuse of discretion standard." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). We review sentences for both procedural and substantive reasonableness. *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). In reviewing procedural reasonableness, "we first consider whether the sentencing court procedurally erred by failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Ventura*, 864 F.3d 301, 308 (4th Cir. 2017) (internal quotation marks omitted). "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *Shephard*, 892 F.3d at 670. "Under the clear error standard, we will only reverse if 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Savage*, 885 F.3d 212, 225 (4th Cir.) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)), *cert. denied*, 139 S. Ct. 238 (2018).

Our review of the sentencing hearing and the record leads us to conclude that the district court properly calculated Saddler's Sentencing Guidelines range and did not abuse its discretion in imposing Saddler's sentence.

Lastly, Saddler asserts that the district court abused its discretion in ordering restitution in an amount that was punitive and not compensatory to the victim. We review

5

a restitution order for abuse of discretion. *United States v. Steele*, 897 F.3d 606, 609 (4th Cir. 2018). Because federal courts must rely on statutory authority to order restitution, "discretion in ordering restitution is circumscribed by the procedural and substantive protections of the statute authorizing restitution." *United States v. Ritchie*, 858 F.3d 201, 206 (4th Cir. 2017) (brackets and internal quotation marks omitted). We review any legal issues concerning the interpretation of a restitution statute de novo. *United States v. Ocasio*, 750 F.3d 399, 412 (4th Cir. 2014). The Government must establish an appropriate amount of restitution by a preponderance of the evidence. *Steele*, 897 F.3d at 614 n.5.

Restitution is mandatory in this case pursuant to the Trafficking Victims Protection Act, 18 U.S.C. § 1593 (2012). The victim should be compensated for the full amount of losses, which "has the same meaning as provided in [18 U.S.C. §] 2259(c)(2)[.]" 18 U.S.C. § 1593(b)(3). The full amount of losses includes "medical services relating to physical, psychiatric, or psychological care [and] physical and occupational therapy or rehabilitation," among other things. 18 U.S.C. §§ 2259(c)(2)(A)–(B). The amount of restitution need not "be proven with exactitude." *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012). "[D]etermining the dollar amount of a victim's losses attributable to the defendant will often be difficult and such a determination will inevitably involve some degree of approximation, which is not fatal." *Id.* (internal quotation marks omitted). The district court should establish the amount of the victim's losses with "some reasonable certainty." *Id.* (internal quotation marks omitted).

We are not persuaded that the district court erred in calculating restitution in this case. The district court conducted an individualized assessment of the minor victim and

acted within its discretion in ordering restitution. Saddler argues that the district court could not impose upon him a restitution order greater than the $190,000 restitution ordered for his co-conspirators. But we disagree, as the district court's individualized assessment properly considered the losses "caused by [Saddler's] conduct," and there is no error in awarding a different restitution amount based on distinct conduct. *In re Sealed Case*, 702 F.3d at 59.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*